No. 588

MASLEK v. PENNA. R. R. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7742. Decided April 25, 1927.

111. ASSUMPTION OF RISK.—Where servant is peremptorily ordered by master to do certain work and to use a certain appliance in connection therewith, the fact that the employee knows and appreciates the danger arising from the use of said appliance does not cause the employee to assume the risk.

751. MASTER AND SERVANT—Estoppel—Where an employee continues to work with an appliance, though knowing the dangers incident to its use, under a peremptory order given him by his employer, the employer is estopped from asserting the defense of assumption of risk, having waived that defense.

1247. WAIVER—Of defense—Peremptory orders of Employers—The question as to whether there is a waiver of the defense of assumption of risk when the employee is working under a peremptory order of his employer is a question of fact to be submitted to the jury under proper instructions.

First Publication of this Opinion
LEVINE, J.

Mike Maslek, as a member of a section gang employed by the Pennsylvania Railroad Co., was injured by a chip striking one of his eyes while engaged in cutting a tie with a dull adze. It was claimed by Maslek that there was a breach of duty in that the Company was negligent in peremptorily ordering him to use the dull adze, and that it failed to furnish him with goggles for the protection of his eyes.

The case was formerly in the Court of Appeals, and this court held that it was a question for the jury to determine whether or not an adze is a simple tool. The amended petition in the second trial in the Cuyahoga Common Pleas brought the case under the Federal Employers' Liability Act. The trial court directed a verdict in favor of the Company for the reason that Maslek testified that he appreciated the risks arising from the use of the adze.

It was urged by the Company that in view of the admitted statement of plaintiff that he knew and appreciated the dangers of working with the adze without goggles, the doctrine of peremptory order has no application. The Court of Appeals held, on prosecution of error:—

1. The Ohio rule as to the peremptory orders is stated in the case of Van Duzen Co. v. Schelies, 61 OS. 310 wherein the court held:—"Where an order is given a servant by his superior to do something within his employment, apparently dangerous, and he, in obeying, is injured from the culpable fault of his master, he may recover unless obedience to the order involved such obvious danger that no man of ordinary prudence would have obeyed it, and this is a question of fact for the jury to determine under proper instructions and not of law for the court."

2. No case under the Federal Employers' Liability Act can be cited wherein the contention is sustained to the effect that the claim of peremptory order becomes immaterial, if it appears that the plaintiff appreciated the danger incident to the use of certain appliances.

3. When the employee continues under a peremptory order given him by his employer, to work with an appliance, though knowing the dangers incident to its use, the employer is estopped from asserting the defense of assumption of risk, and is said to have waived that defense.

4. A peremptory order commanding the use of an appliance, even though not accompanied by an express assurance or promise by the employer that he will be responsible for any injurious consequences, presents a circumstance to say the least, from which a waiver of the defense of assumption of risk could be inferred.

Judgment therefore reversed and cause remanded.

(Sullivan, PJ., concurs, Vickery, J., dissents).

Attorneys—Winch, Lurie, Addams & Burke for Maslek; Squire, Sanders & Dempsey for Company; all of Cleveland.

Note:—Former Court of Appeals opinion will be found in 4 Abs. 503.