## SMITH v WARD

Ohio Appeals, 3rd Dist, Logan County

No 779.   Decided March 18, 1929

W Clay Huston, Bellefontaine and Meade C Robinson, Marysville, for Smith.

Forrest G Long, Bellefontaine and H H Needles, Sidney, for Ward.

**JUSTICE, J.**

It is urged, as the first claim of error, that the trial court erred in sustaining the demurrer and in ordering said amendment. This contention, as we see it, is not now open to inquiry. The plaintiff did not elect not to further plead and did not permit final judgment to be entered on the demurrer and prosecute error therefrom, but to the contrary, he elected to amend his petition as ordered by the trial court. By doing so, plaintiff waived the claimed error. **Bingham v. Nypano Railroad Company et al., 112 OS. 115.**

At the close of plaintiff's evidence in chief, the trial court, over an exception of plaintiff, permitted the defendant to amend his answer by setting up therein, as a second defense, the following new matter:

"If the dogs were the property of H. E. Smith the plaintiff, then that said dogs were dogs that were chasing and worrying the sheep of said defendant and worrying the children of defendant ...."

It is insisted, as the second claim of error, that the trial court erred in permitting this amendment. This proposition is without merit, clearly **Sec. 11363, General Code,** authorized the amendment. It does not appear that plaintiff was taken by surprise or that he was unprepared to meet the issue tendered. Plaintiff did not request a continuance. In such a state of the record the trial court very properly proceeded with the trial of the case.

The third claimed error pertains to the admission of testimony. Lee Barthaur and H. I. Staley testified that on two occasions prior to March 31, 1927, they saw two hounds at large; they described them. After plaintiff's hounds were killed, Barthaur saw one of them; he identified the hound as one of the two hounds which he had seen at large. Staley told the court and jury that the hounds which he saw, he took to be the hounds owned by the plaintiff. There is, therefore, evidence tending to prove that the hounds, which these witnesses had seen prior to March 31st, were the hounds of plaintiff. Barthaur testified that the hounds, which he saw, were in a field in which his sheep were then being kept; that he shot at them, but he did not testify that the hounds were chasing, worrying, injuring or killing his sheep. Staley testified that the two hounds,

which he saw, came from the county line into his yard; that they were hounds which apparently had been shut up, and that they were not man shy. Not one word of testimony did he give tending to show that the hounds were chasing, worrying, injuring or killing sheep, domestic animals, or a person or persons. Obviously the testimony of these witnesses did not tend to prove that these hounds were in the habit of chasing, worrying, injuring or killing seep, domestic animals or persons, and, in our opinion, it was reversible error for the trial court, upon plaintiff's request that it do so, to refuse to instruct the jury that such testimony did not tend to prove the alleged justification and to refuse to limit the purpose if, in fact, any purpose there was, for which such testimony was received.

The fourth Claimed error alludes to the charge.

An examination of the charge discloses that the trial court put the burden of proof upon the plaintiff to prove that the hounds did not chase, worry or injure the sheep or other domestic animlas of the defendant. This was wrong. Later in the charge, the trial court placed upon the defendant the burden of proving the allegations set up in the second defense of his answer. This was right. But who can tell which rule the jury followed? No presumption exists that the jury followed the correct rule to the exclusion of the incorrect one.

**Pendleton Street Railroad Company v. Stallman, Admrx., 22 OS. 1.**

This assignment of error is, therefore, well taken.

Holding these views it followed that the judgment of the court of common pleas should be reversed.

Before Judges Hughes, Justice and Crow.