### LERCH v LERCH

Ohio Appeals, 2nd Dist, Franklin Co

No 2314. Decided Nov 14, 1933

Connor, Nestor & Metcalf, Columbus, and Hedges, Hoover & Tingley, Columbus, for plaintiff in error.

Druggan & Gingher, Columbus, for defendant in error.

**OPINION**

By BARNES, J.

The plaintiff failed absolutely in producing satisfactory corroborative evidence of any of her alleged grounds for divorce.

We think the court was absolutely right in refusing to grant a divorce to the plaintiff, and the evidence further adequately supporting the conclusion of the trial court that her leaving defendant was without just cause, she would not be entitled to an allowance for alimony, and this was the determination of the trial court.

Now, taking up and considering the judgment of the court granting a divorce to the defendant on the ground of gross neglect of duty, we find ourselves in opposition to the trial court on this finding and judgment. The trial court determined that the defendant had totally failed to produce any evidence supporting his charge of extreme cruelty and on this finding we are in thorough accord. The most that the evidence established on defendant's behalf was a willful absence on the part of the plaintiff, but not being for three years, it could not be and was not set out as a ground of complaint. The trial court found that the willful absence was a gross neglect of duty. In this we think all Ohio authorities are at variance with the court's conclusion. The court said, and it is set out in the petition and argued in the briefs, that the circumstances of the willful absence were such as to constitute a gross neglect of duty. The attending circumstance referred to is the fact that the plaintiff left the defendant without just cause and further that he was afflicted with the malady of epilepsy and thereby needed her attention, comfort and ministration. We concede the legal proposition that circumstances attending and coupled with a desertion or wilful absence may constitute a gross neglect of duty, but the re-

sultant effect of those circumstances must be more than those attending the usual desertion without just cause. Any husband or wife deserted without just cause by an erring spouse, could not and would not feel as comfortable and would not have the peace of mind as though the incident had not happened; but that fact alone; added to the desertion, would not constitute gross neglect of duty.

In the instant case, as we read the record, the defendant was not particularly disturbed by reason of his wife's desertion. He was not at all a demonstrative individual. The evidence discloses that on occasions when he was away from his wife months at a time he never wrote a letter to her and she wrote very few to him. Her dereliction in this particular should be excluded for the reason that he did not answer her letters. He was perfectly contented in the fact that his mother conducted the correspondence with his wife and he thereby would hear from her from time to time. His method of compensating for this dereliction was to send at regular and frequent periods very liberal allowances. All through the record there is a total absence of evidence showing any particular pleasure or comfort on the part of either in being in the association one with the other.

Searching the record as we have, we are unable to find sufficient evidence to sustain the granting of a divorce to the defendant on the ground of gross neglect of duty. With regret we find ourselves compelled to reverse the order granting the divorce to the defendant.

Upon the reversal there remains no authority for an order for division of property, and the judgment of the court below will also be reversed in this particular. However. if we had power to make division of property, we would have some difficulty under state of record in not increasing allowance to wife.

In the brief of counsel for defendant in error we find the statement made that the defendant has complied with the order of the court below in making transfer of the undivided one-half interest in the home in California. We do not understand that we would have any authority to make any orders relative thereto, if such compliance has been made. .

We remand the case to the Court of Common Pleas, and costs will be adjudged against the defendant. Exceptions will be allowed to both parties if desired.

HORNBECK, PJ, concurs.

## DISSENTING OPINION

By KUNKLE, J.

I am unable to concur with my associates in the conclusion at which they have arrived.

No attempt will be made in this brief statement to quote from the testimony, as the very exhaustive briefs which have been filed by counsel disclose that they are thoroughly familiar with the record in this case.

Defendant in error, for a first cause of action, in his cross petition, states:

"For his first cause of action, this defendant says plaintiff has been guilty of gross neglect of duty toward defendant in that on or about the 13th day of August, 1931, plaintiff left this defendant and has since failed and refused to live with him: that at the time of such leaving and for many years prior thereto this defendant had been in poor health, constantly under the care of physicians, and is still in poor health, and notwithstanding the condition of defendant's health and his need for the care, helpfulness and administration of the plaintiff, plaintiff, without cause, left and has since refused to live with this defendant, as aforesaid."

There is ample evidence in the record which, if believed, supports the allegations of the first cause of action in the cross petition of defendant in error. It is apparent that the trial court believed the portion of the testimony which supports such allegations. The trial court was in a better position to determine the weight to be given the testimony of the different witnesses upon this subject, and also to determine the credibility of their testimony than is a reviewing court. It is suggested that these allegations, even if proven, constitute wilful absence but not gross neglect of duty, and that such wilful absence would have to continue for three years before a cause of action existed. The testimony discloses that at the time the plaintiff below, being· the plaintiff in error herein, left the defendant below, the defendant in error herein, that he, the defendant, was in a serious physical condition; that she thought the defendant needed her care and protection is disclosed in various parts of her own testimony; that during these attacks to which he became subject he was at times unconscious.

This is not a case of neglect by a wife leaving a husband in good health but is a case of a wife leaving a husband in need of constant care and attention. I cannot concur in the conclusion that the facts

proven do not constitute gross neglect of duty. This conclusion is reached after an examination of the authorities cited by counsel as well as an investigation of this general subject outside of such authorities. In "Words and Phrases Judicially Defined" the following discussion of the subject of gross neglect of duty is found.

"The term 'Gross Neglect of Duty' which is a cause of divorce, is indefinite, and it is difficult to lay down any general rule by which every case can be determined to be within or without its limits. Each case must be examined by itself. It is not mere neglect of marital duty. The adjective 'Gross', whatever may be said of it as a mere term of vituperation in other relations, it here has legal force as descriptive of the conduct of the party neglecting duty. There must not only be a default, but the default must be attended with circumstances of indignity or aggravation."

This appeals to me as being a sound and reasonable definition of the term "Gross Neglect of Duty." From a consideration of the record, assuming that the facts testified to by defendant in error and certain of his witnesses are accepted as true, we cannot escape the conclusion that a wife leaving her husband when he was in a physical condition such as is detailed in the record, constitutes a default upon her part attended by aggravating circumstances, and therefore constitutes gross neglect of duty upon her part.