## ALLEN v DAYTON UNION RY CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1324. Decided July 8, 1935

Herbert L. Kerr, Youngstown, Elmer T. Phillips, Youngstown, and William Hoffer, Franklin, for plaintiff in error.

Matthews & Matthews, Dayton, and Hugh Altick, Dayton, for defendant in error.

322

## OPINION

By BODEY, J.

This cause comes into this court on error from the Common Pleas Court, the parties standing in the relation which they occupied in that court. Seven grounds of error are set forth in this petition, it being claimed that the court erred in overruling the motion for new trial, that there was error in its general charge, that the court erred in refusing to give to the jury special charges before argument, which were requested by the plaintiff in error, that error in the admission of evidence over the objection of plaintiff in error intervened, that the court erred in permitting the defendant to amend its answer during the trial, that the judgment was contrary to law and against the weight of the evidence and for other errors apparent on the face of the record.

In the brief of plaintiff, however, three questions only are raised. These are as follows:

(a) May the trial court permit the introduction of evidence supporting a. doctrine of assumed risk when this defense is not pleaded?

(b) When such evidence is introduced by leave of court, is it an abuse of discretion for the court to thereafter permit the answer to be amended to conform to such proof?

(c) Should the trial court under such circumstances charge upon the doctrine of assumed risk?

In his second amended petition, the plaintiff alleges in substance that the defendant is an Ohio corporation engaged in business in the City of Dayton in this county; that on June 18, 1930, and prior thereto, the plaintiff was in the employ of the defendant as a member of a crew of track repairmen, which crew was under the direct supervision of one L. P. Kidwell; that on the day in question the crew of which he was a member was engaged in cutting a rail by the use of a sledge hammer and a track chisel or cleaver; that the chisel or cleaver which was used at the time was in a defective and unsafe condition and had become battered and worn and was crystalized and devitalized; that the plaintiff did not have the opportunity to determine the physical or chemical construction thereof; that this defendant had such opportunity, but failed to make proper inspection or test thereof; that the said Kidwell commanded and directed the plaintiff to use said track chisel or cleaver in the process of cutting said rail; that plaintiff complained and protested to said foreman that the tool was defective and dangerous to use; that said foreman directed plaintiff to proceed with said cutting operation and that if he did not do so he would discharge plaintiff from his employment; that plaintiff was assured by said foreman that if he complied with his orders he would suffer no injury therefrom and could perform the same with safety; that plaintiff believed that he would be discharged if he did not so comply and that he yielded his own judgment in the premises to that of his foreman; that while engaged in cutting said rail a particle of steel separated from the head of said track chisel or cleaver, flew through the air and struck plaintiff upon the chest, thereby injuring him; that by reason of the carelessness and negligence of the defendant in the various particulars set out in the petition and as a proximate result thereof, he was injured and damaged in the sum of $20,000.00.

To this amended petition an answer was filed in which the defendant admitted its corporate capacity, its employment of plaintiff, and the supervision of the plaintiff by one L. P. Kidwell, who also was in defendant's employ. The defendant admitted that plaintiff was engaged in working upon the tracks of the defendant company on the day in question and that it was part of his duty to use a sledge hammer and a chisel to cut rails. Further answering, the defendant denied each and every other allegation contained in the amended petition.

Thereafter a reply was filed by the plaintiff which consisted of a general denial.

This second amended petition did not aver that the defendant was engaged in inter-state commerce. Therefore on the issues made between this second amended petition and the answer, the trial of the case and the right of plaintiff's recovery would depend upon the statutes of the state of Ohio. Under the provisions of §6245 GC, the defense of the assumption of risk would not have been available to the defendant unless the jury had found that the track chisel or cleaver was a "simple tool," or unless by the terms of the plaintiff's employment it was expressly made his duty to report the defective or unsafe condition of the track chisel or cleaver to his em-

ployer and he failed to do so. It appeared from this amended petition that the unsafe condition of this tool had been reported to his foreman. It did not appear that it was the duty of the plaintiff to make such report. Therefore, unless the court or jury would have found that the tool made use of was a "simple tool" as described in §6245 GC, the defense of assumption of risk could not have been relied upon by the defendant. Counsel for plaintiff were doubtless familiar with this rule when this petition was prepared and they were also familiar with the fact that the defense of assumption of risk might be made use of by the defendant if it developed that the defendant was engaged in inter-state commerce. The record shows that counsel for the plaintiff read to the jury the second amended petition and that thereafter, counsel for the defendant asked leave of the court to amend the answer of the defendant by averring that the defendant was engaged in inter-state commerce. The court permitted such amendment. Exceptions to the ruling of the court were taken by counsel for the plaintiff. Although such amendment might have the effect of granting to the defendant the right to plead assumption of risk, still no other objection to the ruling of the court was taken. No application for a continuance of the trial was made. Thereupon the answer of the defendant with the added averment was read to the jury and thereafter the claims of the respective parties were stated to the jury. The trial court, at the time, stated that it was permitting such amendment to be made for the reason that in one of the original answers a similar allegation had appeared and that counsel for the plaintiff were charged with knowledge of the fact. In the absence of a request of counsel for plaintiff to continue the case on the ground that they were taken by surprise or not ready to proceed, we do not believe the trial court erred in permitting this amendment to be made.

It is also claimed that the trial court permitted the defendant to further amend its answer by adding a second defense in which it did set up assumption of risk In the briefs of the parties, it is stated that the request to so amend was made by defendant at the beginning of the trial. The record does not so indicate. The first reference to the doctrine of assumption of risk appears on page 95 of the bill of exceptions and it appears in the comments

the court made upon a motion of the defendant for a directed verdict. At that time no leave of court was asked by defendant to further amend its answer. The next reference to the doctrine of assumption of risk is found in the opinion of the court beginning on page 148 which it was rendering upon a renewal of the defendant's motion for a directed verdict after the introduction of all the evidence. It is true that the court makes reference to the fact that counsel for the defendant sought to amend their answer at the beginning of the trial by adding this second defense. As has already been stated, no such proceedings appear in the record. The court, so far as this record is concerned, of its own motion on page 150 of the record, permitted the amendment of the answer to be made in order for defendant to set up the plea of assumption of risk. Thereupon the defendant filed its amended answer to this second amended petition in which it sets up as a second defense the assumption of risk by the plaintiff.

After this ruling was made by the court, counsel for the plaintiff asked leave to file a reply to the amended answer, which was granted. A reply was filed to this amended answer on February 19, 1936, which was the day before the petition in error and the bill of exceptions were filed in this court.

No objection was taken by counsel for the plaintiff to the court's ruling in permitting this latter amendment to be made. The exceptions of counsel were saved by the court. No application for a continuance was made.

It is claimed by counsel for the defendant that the amended petition anticipated the defense of assumption of risk and that the issue of such assumption was made by the pleadings and by the evidence in the absence of the amendment which the court permitted to be made to the answer. As held in the case of Jones v Erie R. R. Company, 106 Oh St 408, in an action for negligence against a railroad company engaged in interstate commerce, the duty and the breach are to be determined according to the Federal Statutes as interpreted by the Federal Courts, but the procedure is in accord with the rules and practices of the state courts. Under the Federal Statutes the plaintiff is deemed to have assumed the risk of his employment, unless the injuries complained of resulted from the violation by the defendant of a statute

enacted for the safety of employees. This exemption from the benefit of the defense of assumption of risk is further augmented by the common law which takes away the right to so defend in those cases where the employee continues to work with a tool or appliance known to be dangerous under a peremptory order given by his employer. So that, in this case, after the court permitted the answer to be amended by adding the averment that the defendant was engaged in inter-state commerce, the plaintiff was deemed to have assumed the risk of his employment, unless in furnishing him with the track chisel or cleaver in question the defendant violated a Federal Statute passed for the benefit of the employee or unless the plaintiff was working under the peremptory order of his foreman. Counsel for the plaintiff in preparing this amended petition were, no doubt, familiar with the rule and endeavored to so prepare the same as to preclude the defendant from making use of this defense of assumption of risk. The law of Ohio as held by the Supreme Court governs the procedure in such cases. The defense of assumed risk is an affirmative one and in order for defendant to avail of the same, it must be affirmatively pleaded. In this case it was affirmatively pleaded, but the pleading was not filed until after the taking of testimony had been completed. Was the action of the trial court in permitting such an amendment prejudicial error? We do not believe so. The defendant was entitled to the benefit of the evidence which was introduced by the plaintiff in chief. That evidence clearly showed that the plaintiff was familiar with the broken and splintered condition of the track chisel or cleaver and that he continued to work with the same. Note the following testimony of the plaintiff in chief on page 33:

"Q. What did you say to Mr. Kidwell?
A. I told him the tool was unsafe and looked dangerous to work with."

At page 34:
"Q. Now, did Mr. Kidwell make some response to your complaint?
A. He told me to go ahead and use the cleaver, that he would have it worked on after we cut the rail.
Q. And did you continue to use it?
A. Until I got hurt."

At page 35:
"Q. Now, when you made both of these complaints to Mr. Kidwell tell the court and jury what this cleaver looked like.
A. Well, it was all beat and battered up, the top of it all mushrooned out, and pieces flying off of it.
Q. Was there anything said by Mr. Kidwell about the safety of this?
A. Yes, he told us, told me that the tool was safe, to go ahead, we had to get the rail cut."

Testimony of a similar character appears in other parts of the plaintiff's case in chief and the cross-examination of his witnesses. In the defendant's case, the foreman, Kidwell, testified that he did not have any conversation with plaintiff on the day in question, that he did not order him to proceed with this defective tool and that he did not tell the plaintiff that this tool was safe. It will be seen from this line of testimony that the issue of assumption of risk was indirectly raised by the general denial which appeared in the original answer. On plaintiff's theory of the case it was necessary for him to rebut the legal proposition of assumption of risk and to further show in his evidence that he was acting under the peremptory orders of the defendant's agents and employees. In so doing the issue of the assumption of risk was raised by the evidence. If the jury had found that the plaintiff, with a knowledge in mind of the danger incident to the use of this chisel or cleaver, had continued to use the same under the order of his employer, the defendant's defense of assumed risk would have been of no avail. **Maslek v Penn. R. R. Co., 26 Oh Ap 520 (5 Abs 530; 6 Abs 407), affirmed in the 118th Oh St 644.**

Since it was necessary for the plaintiff to establish by a preponderance of the evidence the fact that he had continued to use this defective tool under the peremptory orders of the defendant's foreman in order to recover under his second amended petition, it seems to us that no violence to the rules of law or procedure was done when the defendant was permitted to amend its answer by setting up this defense of assumed risk. We are impelled toward this conclusion by the very fact that this defense, even though properly set up, would be of no avail to this defendant if the jury had found that the plaintiff had acted under the peremptory order of the foreman, Kidwell. Especially are we of

this opinion, because it appears from the record that no application for continuance was made by the plaintiff at the time leave to amend was granted nor does it appear from the record that the plaintiff was taken by surprise by the action of the court. Since it is our view that the court committed no error in permitting this answer to be amended at the conclusion of the introduction of evidence, it follows that the court's charge upon the doctrine of assumed risk was proper because it was then directed toward one of the issues in the case. We are also of opinion that the first ground presented in the brief is not well taken for the reason that the whole of the evidence concerning the assumption of risk appears in the first instance in the case of plaintiff.

It is claimed by counsel for the plaintiff that the court abused its discretion by permitting the amendment to be made and in that connection our attention is called to the provisions of §11363 GC. Counsel claim that the introduction of this amendment into the answer substantially changes the claim or defense of the defendant and that to authorize such a change is an abuse of discretion. The case of Smith v Ward, 32 Oh Ap 177 (7 Abs 300) is authority for the proposition that an answer may be amended at the close of plaintiff's evidence where it did not appear that the plaintiff was taken by surprise or that he did not request a continuance. An examination of that case will disclose that the averments which were added to the answer concerned those allegations of the petition which had anticipated the defense of defendant. In that respect the case is similar to the one at bar.

It is claimed that the court erred in refusing to give to the jury special charges requested by plaintiff in error. We have been unable to find any request for special charges in the record, nor does the record disclose the refusal of the court to give any such charges. We find no error in the admission of evidence. In our opinion, the judgment is not contrary to law nor is the verdict of the jury manifestly against the weight of the evidence. We have carefully read the charge of the court to the jury and we are of the opinion that this charge correctly states the law and that no error prejudicial to plaintiff appears therein. The court did not err in overruling the motion for new trial. There are no other errors upon the face of the record which are pre-

judicial to the rights of the plaintiff in error. On the whole state of the record, it is our opinion that substantial justice has been accomplished between the parties and that no error prejudicial to the plaintiff in error has been committed. The judgment of the lower court will be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.