## CORAL GABLES, INC v GARN

Ohio Appeals, 1st Dist, Hamilton Co

No 5111.   Decided Oct 19, 1936

Jerome Goldman, Cincinnati, and Broeman & Gallagher, Cincinnati, for appellant.

Clarence Denning, Cincinnati, for appellee.

## OPINION

By ROSS, PJ.

This matter is presented to this court upon a motion to affirm the judgment upon the record, there being presented no bill of exceptions.

The case is in this court upon an appeal on questions of law from the Court of Common Pleas of Hamilton County.

The record shows that the appellee demurred to the petition of the appellant and that this demurrer was sustained. The following entry was thereupon made July 1, 1933:

"This cause being heard upon the demurrer to the petition the court, on consideration thereof, sustains the same, and on request, the plaintiff is allowed to file an amended petition within ten (10) days."

The next item upon the journal of the court is under date of April 21, 1936:

"This action is dismissed for failure to file an amended petition after demurrer was sustained, at plaintiff's costs, for which judgment is rendered, to all of which plaintiff excepts."

Sec 11365, GC, provides:

"If the demurrer be sustained, the adverse party may amend, if the defect thus can be remedied, with or without costs as the court directs. It shall be no objection to such amendment, that it changes the action from law to equity, or vice versa, if its basis, essential facts, and final object remain the same."

The court upon sustaining a demurrer to the petition is not obliged to give leave to amend unless the plaintiff asks for such leave. **DeVoss, et v Gray et, 22 Oh St, 159; 31 Ohio Jurisprudence 705.**

There is nothing presented to the court to disturb the presumption of regularity existing in the action of the court as set forth in its journal.

It therefore appears that after the demurrer to the petition was sustained the plaintiff appellant requested leave to file an amended petition. Had it filed such amended petition, it would have waived any error committed by the court in sustaining a demurrer to the petition. See: **Smith v Ward, 32 Oh Ap, 177, 179, (7 Abs 300); Bingham v Nypano Rd. Co. et, 112 Oh St, 115, 147.**

The appellant, therefore can not be prejudiced by the ruling upon the demurrer to the petition, for the reason that it expressed an intention and wish to abandon its rights under the pleading, to which a demurrer had been sustained. The final entry of the court shows that the action was dismissed because the appellant, although it had requested leave to file an amended petition, failed to do so.

The only question before the court therefore is whether the court committed error or abused its discretion in refusing the appellant, some three years later, a right to file the amended pleading. There being no bill of exceptions, this court must entertain the presumption that there was ample reason why the court should enter its judgment. As far as the record shows the appellant never attempted to file an amended pleading. The court was entirely justified in dismissing the case.

For the reasons stated, we cannot consider any defect in the original pleading. The amended petition, had it been filed in time, might have completely abandoned the original presentation of the case.

The motion to affirm the judgment is granted.

MATTHEWS, J, concurs.