Weygandt, C. J.
 

 The defendant has filed a motion asking this court to dismiss the plaintiff’s appeal on the ground that the judgment rendered by the Court of Appeals is incomplete and therefore not final.
 

 In its journal entry the Court of Appeals recited the above-quoted finding as to error in the record. Then it “ordered and adjudged that said judgment and proceeding be and the same are hereby reversed * *
 

 The entry concludes with the following language:
 

 “It is further ordered that the lien of the plaintiffappellee created by the judgment against the real
 
 *495
 
 estate of the appellant is removed and vacated. The certificate of said judgment filed in said Court of Common Pleas is null and void, and the clerk is directed to cancel said certificate of lien in Henry county, Ohio, by causing a notation of cancellation on said certificate of judgment lien on the margin of said certificate in the recorder’s office of Henry county, Ohio.
 

 “It is further ordered that this cause be remanded to said court for a new trial and for further proceedings according to law.”
 

 A study of this language fails to substantiate the defendant’s contention. In the first place the action of the Court of Appeals and its instructions to the trial court are definitely stated. Secondly, the reason therefor is clearly recited. In the third place the Court of Appeals left undone nothing it was required to do. And finally, the cause was remanded to the trial court for retrial. Manifestly, the judgment is complete, final and reviewable. The cases cited by the defendant involve different language.
 

 The next question involves Section 11988, General Code, which reads in part as follows:
 

 “A divorce, or a judgment for alimony shall not be granted upon the testimony or admissions of a party unsupported by other evidence.”
 

 The only reversible error found by the Court of Appeals was a lack of the necessary supporting evidence. Was this correct?
 

 The defendant does not contend that the supporting evidence required by the statute must be parol. Therefore, more precisely restated, the question is whether the record discloses either parol or documentary evidence tending to support the plaintiff. She insists that both are present.
 

 The plaintiff introduced a certified copy of the record of the proceedings in the Florida action. This record supports the plaintiff’s testimony in a number of important particulars. It discloses that in January
 
 *496
 
 1937 the defendant filed a bill of complaint stating under oath that the address of his wife was unknown to him. This tends to substantiate the wife’s claim that he intended to perpetrate a fraud upon her and the Florida court, inasmuch as there is testimony in the instant record to the effect that he was in communication with the members of his family and well knew his wife’s address.
 

 Furthermore, the record in the Florida case supports the plaintiff’s claim of fraud in disclosing that in her husband’s sworn statement in January 1937 he asserted he had been a resident of that state for more than ninety days. There is testimony in the instant record tending to show that this was false.
 

 The foregoing recital is sufficient to indicate that the plaintiff has met the requirement of the statute by introducing other evidence to support her testimony. It is therefore necessary for this court to reverse the judgment of the Court of Appeals and affirm that of the Court of Common Pleas.
 

 Judgment reversed.
 

 Turnee, Wiueiams, Matthias, Hart and Bettman, JJ.,. concur.
 

 Zimmerman, J., concurs in the syllabus but dissents from the judgment.