**ROUNDS, Admr., Plaintiff-Appellant, v. CRAIG, Defendant-Appellee.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1191.   Decided March.7, 1948.

Sieman, Seiman & Sieman, Warren, for plaintiff-appellant.
Wilson & Wyatt, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Upon defendant's motion a judge of the court of common pleas ordered an allegation stricken from plaintiff's petition filed in that court against defendant in an action to recover damages from him for the alleged wrongful killing of Ernest Rounds, while operating an automobile, in which petition he claims he alleged "negligence and/or wanton misconduct on the part of the defendant".

Thereafter plaintiff filed his amended petition in that court alleging in practically the s͏               ͏ ͏ acts of defendant which the trial judge had ordered stricken from his petition, which allegation upon defendant's motion to plaintiff's amended petition he likewise ordered stricken therefrom.

Plaintiff appealed to us on questions of law from those orders of the judge of the court of common pleas striking

such allegations from his petition and amended petition, which orders he claimed were erroneous because "the plaintiff relied heavily upon establishing wanton misconduct on the part of the defendant, because upon so doing the defendant would not be entitled to set up the defense of contributory negligence on the part of plaintiff's decedent, which it was endeavoring to do in an effort to defeat a recovery by the plaintiff herein".

Defendant filed a motion "to strike from the files, all proceedings on appeal in the above captioned action for the reason that said attempted appeal is not based upon a final order of the common pleas court".

Instead of electing not to plead further when defendant's motion to his petition was sustained and having a judgment rendered against him and prosecuting error therefrom plaintiff filed an amended petition which superceded the original petition and all further proceedings in the case were addressed to the amended petition; and by his failure to so proceed Phillips, J., believes waived any alleged error in the ruling upon such motion to his petition. See **Bingham v. The Nypano Rd. Co., et al, 112 Oh St, 115.**

"One who would prosecute error to sustaining of demurrer must elect not to plead further and allow final judgment to be entered against him. If he elects to amend his petition as ordered by trial court, he waives claimed error." **Smith v. Ward, 7 Abs 300.**

"It is the position of the plaintiff herein that the order of the court striking out the claim of wanton misconduct constituted an order affecting a substantial right in his action; that in effect it determined the action and prevented plaintiff from obtaining a judgment because, in the absence of the opportunity of establishing that defendant was guilty of wanton misconduct, plaintiff could not recover in view of the defense of contributory negligence set up by the defendant".

There is no order of the judge of the court of common pleas dismissing plaintiff's amended petition. Accordingly plaintiff's amended petition is still upon file in the court of common pleas in which a cause of action has been stated against defendant. Obviously as far as this pleading is concerned plaintiff has a right, whatever it might be, upon sufficient proof to a recovery against defendant. This being so, as I view this pleading as more fully stated hereinafter, there is no order of the judge of the court of common pleas which determines the action and prevents a judgment and

therefore there is no final order entered in the court of common pleas from which an appeal will lie to this court.

Obviously if the order of the judge of the court of common pleas with respect to plaintiff's first amended petition is under the provision of §12223-2 GC, "an order affecting a substantial right in an action", and "in effect it determines the action and prevents a judgment", then as counsel for defendant argues by brief "any pleador, at any time, where a motion has been sustained to his petition and his petition not dismissed, would have a right to appeal to this court" from such order.

Both Carter and Phillips, JJ., are of opinion that the allegations of plaintiff's amended petition ordered stricken therefrom by the judge of the court of common pleas are allegations of ordinary negligence and not of wanton misconduct, and that the trial judge did not abuse his discretiton as alleged in ordering them stricken therefrom; and that such order did not constitute a final order from which an appeal will lie to this court; and Carter, J., bases the conclusion he reaches in this appeal on that ground solely.

Defendant's motion to dismiss plaintiff's appeal is sustained and his appeal is dismissed.

CARTER, PJ, concurs in the judgment.
NICHOLS, J, dissenting.