**SLUSSER, Appellee, v. SLUSSER, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4263. Decided June 4, 1952.

James M. Hinton, Akron, for appellee.
Myers, Myers & Myers, Akron, for appellant.

## OPINION

By DOYLE, J.

Burge B. Slusser filed an action for divorce from his wife, Marietta, in the Court of Common Pleas of Summit County, and alleged, inter alia, the statutory ground of gross neglect of duty. The wife, in addition to an answer pleading a general denial, entered her cross-petition for "temporary and permanent alimony" on the ground of extreme cruelty. A reply was then filed which pleaded a general denial to the cross-petition. So stood the pleadings when the case came on for trial.

At the conclusion of the hearing, the trial court granted a divorce to the plaintiff on the ground of gross neglect of duty and ordered the plaintiff to pay to the defendant the sum of $2500 as and for alimony. The cross-petition of the defendant was dismissed.

From this judgment, the defendant has appealed to this court and presents the following assignment of errors:

"(1) The court erred in granting a divorce to the appellee;

"(2) The court erred in denying the cross-petition of the appellant; and

"(3) Other errors apparent on the face of the record."

There is evidence in the record to justify the conclusion that the plaintiff, a 72-year-old man, married the defendant, a 56-year-old lady, on September 1, 1945. Each had been previously married. They lived together as husband and wife until September 9, 1948, at which time the defendant left the home which the plaintiff had provided, with the intention of never returning. Several days later she temporarily returned to her home with certain of her relatives, and removed all of her clothing and personal belongings. For a period of time prior to her leaving, she had engaged in acrimonious conduct toward her husband, predicated upon his refusal to purchase a farm in the country. His refusal to accede to her demands was apparently prompted by his reluctance to become financially indebted at a time when his present home (without incumbrance) was comfortable and amply sufficient for persons of their means. On the day prior to her leaving she insisted that he buy a certain farm property, and, upon his refusal, she became infuriated and directed toward him invective requests of a foul type.

On the contrary, there is evidence in the record to the effect that the husband's conduct toward the wife was

tainted with conduct of a rather violent character. Whether this conduct was aggravated by the conduct of the wife was a question for the trial court.

It was the duty of the trial court to determine the credibility of the witnesses and to determine the weight of the evidence. From the established facts, it was within the province of the court to draw all reasonable inferences. With these basic rules as our guide, we cannot say that the finding of the court was contrary to law or manifestly against the weight of the evidence.

It is the law that—

"10. Willful absence for a period of less than three years, unattended by any aggravating circumstances, is not a cause for divorce in this state and cannot be classed as gross neglect of duty; but desertion for a shorter period than three years, accompanied by aggravating circumstances, may constitute gross neglect of duty."

**Porter, Exr., v. Lerch, 129 Oh St 47.**

We are of the opinion that the willful absence of the defendant with an intent to not return is in direct violation of §7996 GC. ("The husband is the head of the family. He may choose any reasonable place or mode of living, and the wife must conform thereto"), and that this conduct, coupled with the aggravating circumstances heretofore in part set forth, is sufficient to satisfy the rule pronounced in the cited case.

While §11988 GC, provided (as §8003-12 GC, now provides) that a divorce should not be granted upon the testimony or admission of a party, unsupported by other evidence, this section of the Code did not require that the entire testimony of the party be supported by corroborative evidence. **Groff v. Groff, 33 Oh Ap 309.** There is conclusive corroboration of the departure of the defendant from the home with an intent to not return. There is evidence from which the inference may be drawn that the schism in this family arose over the conduct of the wife, arising out of her husband's refusal to buy a farm. The claim of a failure of corroboration, is, we think, not well taken.

As heretofore stated, the trial judge is the sole judge of the credibility of witnesses. Conflicts in the evidence and the weight of the evidence are to be determined by him alone, and the opinion of the members of this court cannot be substituted therefor.

Finding as we do that the judgment is neither contrary to law nor manifestly against the weight of the evidence, and that sufficient corroboration exists to justify a decree of divorce

on the grounds of gross neglect of duty, the judgment will be affirmed.

Judgment affirmed.

HUNSICKER, PJ, STEVENS, J, concur.