**CASBARRO, Sr., Plaintiff-Appellee, v. CASBARRO, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4856.   Decided February 17, 1953.

John F. Seidel, George E. Walsh, Columbus, for plaintiff-appellee.

Carl Gaeton Nappi, Columbus, for defendant-appellant.

**OPINION**

By THE COURT.

This is an appeal on questions of law from a decree of the Common Pleas Court granting a divorce to the plaintiff-appellee from the defendant-appellant on the ground of gross neglect of duty. The plaintiff is the husband and the defendant, the wife.

The decree is specific in stating the facts upon which determination was made that the defendant was chargeable with gross neglect of duty. This is the applicable part of the decree:

. "The Court further finds that the plaintiff moved into the new house on May 6, 1951, that the defendant refused to move into said new house, that the defendant had no reasonable abode, that defendant's refusal was a violation of her mandatory duty under §8002-2 GC, and thus a breach of the marriage contract, that such breach by the defendant of her statutory duty by refusing to move into said new home was gross neglect of duty on the part of the defendant and against the plaintiff, and that by reason thereof, the plaintiff, Louis J. Casbarro, Sr., is entitled to a divorce as prayed for. in his petition."

The Court also found the jurisdictional requisites to the granting of the divorce.

Eleven errors are assigned. The 4th, error in admission and rejection of testimony. The 5th, disregarding evidence of recrimination and other improper conduct on part of plaintiff-appellee. See **Opperman v. Opperman, 77 Oh Ap 73.** 6th, that the defendant refused to move on May 6, 1951. 7th, in holding that the defendant-appellant had no reasonable excuse for not moving. 8th, in holding that the new house was a reasonable abode for defendant and the 9th, plaintiff did not refuse to move into the new house in good faith. Without comment, we find that No. 8 refers to a finding which is not material and no one of the other assigned errors is established.

We briefly consider assignment of error No. 2, that the jurisdictional residence requirements were not proven. This claim is based upon the contention that although the plaintiff expressly testified that he had been a bona fide resident

of Franklin County for more than 90 days immediately preceding the filing of his petition, he did not testify nor offer probative evidence that he had been a resident of the State of Ohio for a year next preceding the date of the filing of the petition.

It is true that the plaintiff did not expressly state that he had been a resident of the State of Ohio for a year prior to the filing of his petition. However, a consideration of all of the record permits the conclusion that he had been such a resident not only for a year immediately preceding the filing of his petition, but for many years prior thereto.

The first and material assignment of error is, that the Court erred in finding and adjudging that the defendant was chargeable with gross neglect of duty because the facts as found did not constitute gross neglect of duty, and the record, in its most favorable light to the plaintiff, established only willful absence which did not continue for one year, the requisite for a decree for divorce on such grounds. The 10th assignment included the first, viz., the decree of divorce is contrary to law.

The material facts disclose that the parties had lived together for more than thirty years prior to May 6, 1951. Prior to that date they had resided on Cambridge Boulevard in the City of Columbus, Ohio, and on that date the plaintiff alone moved into a new building, also on Cambridge Boulevard not far removed from the former home. This new residence was a one story building, ultramodern in construction and cost about $55,000.00. The record discloses that the wife did not approve of the new building and took very little part in its construction, but did sign the building contract and a mortgage on the premises.

Defendant denied that she refused to move into the new home and the trial judge, upon her testimony, could have so found. But he was within his discretionary right in holding that she did wilfully refuse to move into the new house. About five months elapsed between the date that the plaintiff moved into the new home and the date when he filed his petition for divorce. The record does not disclose any aggravated circumstances connected with the defendant's refusing to move, nor that the husband was particularly distressed or discommoded by the absence of his wife. Indeed, it may be safely said that there were no unusual or distressing circumstances attending the refusal of the wife to move.

The finding of facts embodied in the decree, together with the opinion of the trial judge which we have considered is convincing that he relied upon **Mark v. Mark, et al., 145 Oh St**

301. This was an opinion by Judge Turner, three associates concurring and three judges dissenting. It should be noted briefly, that in the Mark case Judge Turner was differentiating the legal obligation of the husband there to provide present support for his wife from his moral obligation to afford such support in the future. It was in this connection that the pronouncement was made in the third syllabus and also in the opinion that.

" 'Any gross neglect of duty' as used by §§11979 and 11997 GC. refers to an omission of legal duty."

The case does not hold, as we interpret it, that proof of an omission of a legal duty, in itself, constitutes gross neglect of duty under these sections. It is worthy of note that in the majority opinion no mention is made of **Porter, Exr., et al., v. Lerch, 129 Oh St 47,** or of any of the many cases which have held that wilful absence alone does not constitute gross neglect of duty. The effect of the decree here is to accomplish that result. In our judgment, the decree is not required by the Mark case, and is in conflict with all of the other authorities on the subject in Ohio. The latest expression of the Supreme Court prior to the Mark case was that of **Porter, Exr., et al. v. Lerch, 129 Oh St 47.** This case was appealed from a judgment of this Court of Appeals for Franklin County, **16 Abs 375.** This Court was reversed and the Common Pleas Court affirmed. Upon its judgment supporting the granting of the decree, the Supreme Court held that our reversal was on the weight of the evidence and as there was a dissenting judge, it was not supported by the statutory requirement of an unanimous concurrence. The two concurring members of the Court had prepared an entry wherein it was found that, as a matter of law, the facts did not prove gross neglect of duty. In that case, not only did it appear that the plaintiff had left the defendant, failed and refused to live with him but also that he was generally in poor health, constantly under the care of physicians and ill at the time of the filing of the cross-petition. The 10th syllabus in this case, in our judgment, announces the law controlling here:

"Willful absence for a period of less than three years, unattended by any aggravating circumstances, is not a cause for divorce in this state and cannot be classed as gross neglect of duty; but desertion for a shorter period than three years, accompanied by aggravating circumstances, may constitute gross neglect of duty."

We do not cite the many other cases in Ohio which announce the principle set forth in the 10th syllabus of the Lerch case, as practically all of them except some very early cases, are from lower courts.

The statute setting forth the various grounds for divorce, in probability, does not contemplate that any one is synonymous with the other. The failure of the husband to provide support for one day for his wife would be a breach of his statutory duty under §7997 GC, and would be neglect of duty but by all the authorities prior to the Mark case would not constitute gross neglect of duty. Likewise, the refusal alone of the wife to conform to any reasonable place or mode of living that the husband may choose is contrary to the requirements of §7996 GC and would constitute wilful absence but, unless it continues for the period required by statute, formerly three years, now one year, it would not be a ground for divorce. The refusal of the wife to move to the new home prepared for her by the husband was wilful absence and no more and must have continued one year prior to the filing of plaintiff's petition to support the decree.

We are of opinion that the facts found in the divorce decree constituted wilful absence only and not gross neglect of duty.

The third assignment of error is that there was no corroborative evidence to support the finding of the trial judge and the granting of the decree. Appellant cites §8003-12 GC, formerly §11988 GC.

"Judgment for divorce or alimony shall not be granted upon the testimony or admissions of a party unsupported by other evidence."

Neither counsel cite authorities supporting or contra appellant's contention. This Court in **Geiger v. Geiger, 80 Oh Ap 161,** had the above section under consideration and said in the 4th syllabus:

"Under the provisions of §11988 GC a decree of divorce cannot be granted solely on the admissions of a party unsupported by other evidence."

In this case there was a charge of adultery and there was proof of its admission by the party charged and no other supporting testimony. This presented a factual situation which clearly required application of the letter of the statute because the only evidence of the adultery was the admission of a party.

The statute, by its terms, does not say that testimony by a party supported by admissions of the other party which are not collusive may not constitute sufficient proof of a ground for a divorce decree. Separating the section, it may be read:

A divorce shall not be granted upon the testimony of a party unsupported by other evidence nor may a divorce be granted upon admissions of a party unsupported by other evidence.

This is quite different from the determination that a divorce may not be granted on both the testimony and the admissions of a party. We hold in the Geiger case, supra, that where it appears that a party who is resisting a decree makes an admission, the Court is justified in finding that no collusion exists.

The trial judge had the right to consider the evidence and admissions of the defendant and to find that they were corroborative of the testimony of the plaintiff, and upon such proof to make determination of a material fact essential to the finding in the judgment entry. The defendant insists that she did not refuse to move and explained that, although she intended later to move she was sick and unable to do so. However, we cannot say that the trial judge may not properly have inferred from her testimony that her refusal to move was wilful.

We have now considered all of the errors assigned except the eleventh, as it relates to the weight of the evidence. In our view of the record this assignment is not presented. If it were, we would hold that it is not established.

. We find the first and tenth assignments of error well made requiring the judgment in this Court, which should have been made in the trial court, that plaintiff's petition be dismissed. It will be so ordered and the cause will be remanded. No other error assigned is established.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## ON MOTION TO VACATE JUDGMENT

No. 4856. Decided September 9, 1953.

John F. Seidel, George E. Walsh, Matthew L. Bigger, Columbus, for plaintiff-appellee.

Carl Gaeton Nappi, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a motion to open up and vacate the judgment rendered by this Court on February 26, 1953.

We have carefully examined the brief filed by counsel in support of the motion and find nothing therein which would warrant this Court in changing its former order. The motion will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.