PERRY, APPELLEE, *v.* PERRY, APPELLANT.

(No. 215—Decided June 24, 1955.)

*Mr. Tom Renick,* for appellee.
*Mr. Henry A. Reinhard,* for appellant.

COLLIER, J. This is an action for divorce in which the plaintiff-appellee, herein referred to as plaintiff, was granted a divorce from the defendant-appellant, herein referred to as the defendant, and given custody of an infant child, the issue of their marriage. Also, an award of alimony in the sum of $100 was made to the plaintiff, and the defendant was ordered to pay the sum of $10 per week for the support of the child.

The assignment of errors set forth by the defendant present the three following questions of law to be determined in this appeal:

1. Did the trial court err in permitting the plaintiff to amend her petition in the course of the trial to include extreme cruelty as a ground for divorce?

2. Is it error for two different judges to hear the testimony in the trial of a divorce case?

3. Is it absolutely necessary for the testimony of a party to a divorce case to be corroborated before a divorce may be granted, and, if so, was the testimony of the plaintiff in the instant case adequately corroborated?

■ After the examination and cross-examination of the plaintiff, she made and the court sustained the following motion: ''At this juncture, if the court please, the plaintiff moves the court to amend her petition for divorce to include the ground of extreme cruelty setting forth the allegations testified to here by the plaintiff. We had hoped to avoid that.''

The rules of civil procedure as to amendment of pleadings apply to divorce cases, and it is well established that when a

party to an action amends a pleading therein and it does not appear that the adverse party is taken by surprise, is not unprepared to meet the issue made by the amended pleading, and fails to request a continuance, the trial court may continue with the trial of the case. *Smith* v. *Ward*, 32 Ohio App., 177, 166 N. E., 396; 31 Ohio Jurisprudence, 922, Section 326. The defendant made no request for a continuance, and, in view of the nature of the issue raised by the amendment which charges the defendant with misconduct such as could only be denied by him alone and because he was present and did so testify in the trial, we can not see how he could have been prejudiced in the permitting of the plaintiff to amend her petition.

■ After the plaintiff and several of her witnesses had testified before Judge Radcliff, he stated to counsel that he would be unable to hear the remaining witnesses for a period of about one month. Counsel for plaintiff insisted that the hearing be postponed until Judge Radcliff could hear the other witnesses, and counsel for the defendant stated a desire to finish the hearing at an earlier date. The court complied with the request of counsel for the defendant, which resulted in the assignment of Judge Earl D. Parker of Pike County who heard the rest of the witnesses in the case. A transcript of the testimony of the witnesses heard by Judge Parker was made and read by Judge Radcliff, and the decree for the divorce was signed by Judge Radcliff.

A divorce case in Ohio is a special statutory proceeding and a special form of civil action.

Section 3105.10, Revised Code (Section 8003-11, General Code, formerly Section 11986, General Code), reads, so far as pertinent, as follows:

"The Court of Common Pleas shall hear any of the causes for divorce charged in the petition and may, upon proof to the satisfaction of the court, pronounce the marriage contract dissolved and both of the parties released from their obligations."

Before the recent amendments of the statute, Section 11986, General Code, read as follows:

"If the defendant fails to appear, or, having appeared, admits or denies in his answer the allegations of the petition, the court shall hear and determine the cause. On the hearing,

if any of the causes for divorce charged in the petition be proved to the satisfaction of the court, it may pronounce the marriage contract dissolved and both of the parties released from its obligations.''

Under this form of this statute, our Supreme Court, in the case of *State, ex rel. Kleinman,* v. *Cleveland,* 118 Ohio St., 536, 161 N. E., 918, held:

''In the hearing of a divorce case, the court must hear and determine the cause, and can not refer the issues of fact and law to a referee for findings and decision.''

In the opinion by Allen, J., it was held:

''The proper exercise of this discretion would seem to require that the judge entering a divorce decree should have a personal view of and a personal interview with the witnesses. Then, when the Legislature emphatically states that 'the court shall hear * * * the cause' and the court 'may pronounce the marriage contract dissolved' if the cause 'be proved to the satisfaction of the court,' it seems to us too evident to be open for discussion that the Legislature intended the judge personally to hear and determine divorce causes. We therefore conclude that a reference can not be made in a divorce case under the Ohio statutes.''

This statute, in its present form, is substantially the same as when the *Kleinman case* was decided in 1928, and, in our opinion, that case is decisive of the instant case. In fact, Judge Parker acted merely as a referee in the trial of the case, and the judge who granted the decree did not personally see or hear the defendant and many of the witnesses give their testimony. In the opinion in the *Kleinman case,* at page 541, it was held that a reference in divorce cases will not be allowed, even by consent of both parties.

The Supreme Court having construed this statute to require the judge in the hearing of a divorce case personally to hear the witnesses, the procedure in the present case was clearly erroneous. On the same authority, the fact that the defendant consented to another judge's hearing part of the testimony does not cure the error thus committed.

■ The first question presented for our consideration on the subject of corroboration is answered in the case of *Lesh* v.

*Lesh,* 138 Ohio St., 492, 37 N. E. (2d), 383, where it was held:

"2. Under the provisions of Section 11988, General Code [Section 3105.11, Revised Code], a divorce or a judgment for alimony may not be granted upon the testimony or admissions of a party unsupported by other evidence.

"3. Such other evidence may be either parol or documentary, or both."

Since a divorce case in Ohio is a statutory proceeding, the provisions of the statutes defining the method of procedure and the quantum of proof must be complied with. In plain and inescapable language this statute (Section 3105.11, Revised Code) provides that a divorce or judgment for alimony may not be granted upon the testimony of a party unsupported by other evidence. The plaintiff's testimony is not supported by any other evidence, direct, positive or circumstantial.

The judgment is, therefore, reversed and this cause is remanded to the Court of Common Pleas of Pickaway County for further proceedings according to law.

*Judgment reversed.*

McCURDY, P. J., and GILLEN, J., concur.