SULLIVAN, APPELLEE, *v.* SULLIVAN, APPELLANT.

(No. 582—Decided November 22, 1957.)

*Messrs. Weber & Hogue,* for appellee.
*Messrs. Smith & Hicks,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Greene County granting a divorce decree to the plaintiff.

The plaintiff in his amended petition charges his wife with gross neglect of duty and extreme cruelty, alleging seven distinct charges, one of which was the refusal of the defendant to return to live with him. The answer was a general denial. The decree was granted on the ground of gross neglect of duty. In a written opinion the trial court states the question for determination to be "whether or not the defendant has been guilty of gross neglect in failing to return." Likewise, we find this to be the sole question for determination.

The plaintiff testified in support of the charges alleged in his amended petition, and we have searched the record in vain to find any corroboration, except as to the charge that the defendant refused to return. Section 3105.11, Revised Code, in part provides:

"A judgment for divorce or for alimony shall not be granted upon the testimony or admissions of a party unsupported by other evidence."

With respect to the charge that the defendant failed to return to the plaintiff, the testimony of the plaintiff is supported by the testimony of the defendant, and other evidence. See, *Lesh* v. *Lesh,* 138 Ohio St., 492, 37 N. E. (2d), 383; *Geiger* v. *Geiger,* 80 Ohio App., 161, 72 N. E. (2d), 766; and *Casbarro* v. *Casbarro,* 66 Ohio Law Abs., 505, 118 N. E. (2d), 209.

The record shows that the plaintiff and the defendant had differences which resulted in a separation in August, 1955; that the parties agreed that the defendant should go to live with her mother in Lebanon, Pennsylvania; and that within a few days thereafter the plaintiff took the defendant by automobile, together with certain belongings of the defendant, to the home of defendant's mother, where the defendant has continued to reside. The plaintiff returned immediately to Ohio and promptly filed a suit for divorce. The record shows that the defendant indicated her intention to contest the suit, whereupon the plaintiff talked to the defendant by telephone several times and sent several letters to the defendant during the next five months requesting her not to contest the suit, or if she did she would be required to return to him. He also formally requested her to return. The suit was dismissed and later, in April 1956, this action was filed. No aggravating circumstances are shown. A

reasonable conclusion could be drawn from plaintiff's letters that he was not making a sincere effort for reconciliation.

Mere neglect of duty is not sufficient to support the statutory requirement of "gross neglect" of duty. To constitute gross neglect of duty, the refusal of the wife to live with a husband must be accompanied by other aggravating circumstances. *Slusser* v. *Slusser,* 68 Ohio Law Abs., 7, 121 N. E. (2d), 317. The mere refusal of a wife to live with a husband, unaccompanied by aggravating circumstances, constitutes willful absence. *Casbarro* v. *Casbarro, supra* (66 Ohio Law Abs., 505). Willful absence for a period less than three years, unaccompanied by aggravating circumstances, is not a cause for divorce on the ground of gross neglect of duty. *Porter, Exr.,* v. *Lerch,* 129 Ohio St., 47, 193 N. E., 766.

The evidence in this case is insufficient to support a decree in favor of plaintiff. In granting a decree to the plaintiff, the court committed prejudicial error.

*Judgment reversed and cause remanded.*

HORNBECK, P. J., and CRAWFORD, J., concur.