**READ v READ**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9161. Decided Dec 17, 1928

Shields, PJ, Houck and Lemert, JJ, of the 5th Dist sitting.

E C & G H Schwan and Geo W Spooner, Cleveland, for Plaintiff in Error.

Nord, Newcomb & Nord, Cleveland, for Defendant in Error.

**HOUCK, J**

We have read with great care all of the evidence as found in the Bill of Exceptions, and have made a careful examination of all of the exhibits attached thereto.

**Section 11988** of the **General Code** of Ohio reads:

(Here follows quotation of this Section.)

By reason of the provisions of the cited statute, it is apparent that no decree of divorce or alimony should stand, unless the evidence upon which the divorce or alimony, or both, is based, is corroborated. In other words, a decree of divorce or alimony cannot stand unless the person benefiting thereby has been supported in his or her evidence. The reason for the provision of this statute needs not be discussed because it is clear to layman and lawyer that a divorce or alimony should never be decreed on the unsupported testimony of the one seeking to benefit thereby, because if such be permitted, it certainly gives an opportunity for fraud, deception and perjury.

As we have read the evidence offered in the trial below, we find none pertaining to the amount of property, income, etc., of the defendant, and therefore are unable to find any basis for the decree for alimony in the present case.

We are free to say that relying upon the record, the evidence of the plaintiff as to the claimed ground of divorce, the right to alimony, and the ability to care for, maintain and support the minor child, is uncorroborated, and unsupported.

The trial judge in his decision said:

"The court feels that these people cannot get along together, and the court feels there is enough evidence, here to give a divorce, and the court feels under the circumstances, that the wife ought to have a divorce in this case. I think there is enough evidence here showing it and the court is going to give the wife a divorce in this case."

It is clear to us that a divorce case is not unlike any other suit, and before a judgment is entered in it, it should be supported by sufficient evidence as required in law, which in the instant case we fail to find.

It is unnecessary to remind counsel and litigants that marriage is a contract having its origin in the law of nature, antecedent to all civil instituticns but adopted by all political society and charged thereby with various and numerous civil and religious obligations. It is founded upon mutual consent which is the essence of all contracts and is entered into by two persons of different sexes with a view to their mutual comfort and for the procreation of children. It therefore follows that this contract should not be dissolved unless upon such evidence as the law requires. The mere fact that two people who have been joined together in wedlock, cannot agree or some slight differences have occurred between them is no reason why the contract should be set aside unless there be sufficient legal grounds for so doing.

The Legislature of Ohio by enatcment has fixed the grounds for divorce and the basis for alimony, and unless one or more of these grounds is alleged and set forth in the petition and established by proper proof, the solemn and sacred marriage contract should not be set aside simply because the parties to it may have some seeming differences.

We do not desire, and it is not our intention to prolong this discussion, further than to say that the judgment we are about to enter in this case is based solely and entirely upon the record before us and we have not added to or taken from it in any way, because it is the duty of reviewing courts to decide cases upon the record before it and this we have done and in doing so we are unanimous in our conclusion that the judgment of the Common Pleas Court should be reversed because there is no evidence to support it, that it is manifestly

against the weight of the evidence, and that the testimony of the plaintiff was and is uncorroborated and unsupported.

Judgment, reversed and cause remanded to Common Pleas Court for further proceedings according to law.

Shields, P J, and Lemert, J, concur.