GROFF *v.* GROFF.

(Decided April 2, 1929.)

*Miss Sarah E. Grogan,* for plaintiff in error.
*Mr. Harrison E. Stagman,* for defendant in error.

Ross, J.   This case comes into this court on error from the court of common pleas, division of domestic relations, of Hamilton county, Ohio, wherein a decree for divorce was granted the plaintiff below, Harry J. Groff, the husband of Gloria G. Groff, the plaintiff in error.

The petition alleged extreme cruelty; charged that the wife had a violent and ungovernable temper, and continuously quarreled with and nagged the husband; and that she had continued to do so from a time two weeks after their marriage, causing the husband great mental worry.   The husband further alleged that the wife had made false, malicious, and derogatory statements as to his character and conduct to the husband's friends and associates, and other persons, causing the husband great humilia-

tion and ill repute. The husband further alleged that the wife had made threats of bodily harm.

The evidence on behalf of the husband consisted of his testimony and that of L. C. Berkey. The husband's statements as to ungovernable temper and humiliation were corroborated by Berkey.

In a divorce proceeding, the trial judge occupies the position of the jury, and, as such, is the trier of the facts and the sole judge of the credibility of the witnesses. The judgment of a divorce court will not be disturbed unless it manifestly appears that the final judgment is not sustained by sufficient evidence. Conflicts of evidence are to be determined by the trial court, and the opinion of this court will not be substituted for that of the trial judge.

While Section 11988, General Code, provides that a divorce or judgment for alimony shall not be granted upon the testimony or admission of the party, unsupported by other evidence, this section of the Code does not require that the entire testimony of the party be supported by corroborative evidence.

Unquestionably in the case at bar the testimony of the plaintiff husband was corroborated upon a number of the charges in the petition.

For this reason, the judgment of the court of common pleas, division of domestic relations, will be affirmed.

*Judgment affirmed.*

CUSHING, P. J. and HAMILTON, J., concur.