**WILLERT et v MIDVALE OIL CO et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14520. Decided April 20, 1936

Martin J. Monahan, Cleveland, and H. Wm. Holsinger, Cleveland, for plaintiffs.

Kuth & Erke, Cleveland, for defendants.

## OPINION

By LIEGHLEY, PJ.

About May 25, 1932, The Midvale Oil Company, a corporation, borrowed from the Morris Plan Bank the sum of Six Thousand Dollars, payable Five Hundred Dollars per month for twelve months. The plaintiffs and defendants, John A. and Edward G. Brennan, signed said note as co-makers or accommodation makers. The money was for the use of the corporation.

Subsequently the note was paid by the Brennans and by cross-petition in this action they are seeking contribution from plaintiffs. The plaintiffs claim that the obligation should be satisfied by the Brennans by reason of their understanding at the time they attached their signatures to said note.

It is our conclusion that from all the facts and circumstances in this case it is established that it was the undoubted understanding between plaintiffs and the Brennans that plaintiffs would not be called upon to pay any part of this obligation. The son of plaintiffs testified that he so told plaintiffs. Edward G. Brennan admitted that he sent their son to them to procure their signatures and the surrounding circumstances and subsequent conduct of the parties justify the assumption that the son was authorized to so represent to his parents. Edward G. Brennan, at or about that time transferred equities in several parcels of real estate which he owned to his brother, John A. Brennan, to indemnify him on this and other obligations, and thereupon John A. Brennan executed a mortgage for the face amount of this note to the Morris Plan Bank as security. Edward G. Brennan controlled the Oil Company and held controlling ownership of stock. The Brennans never made demand upon plaintiffs for contribution prior to the filing of this cross-petition in this court.

During the pendency of this action in the trial court it does not appear that any demand was made for contribution. Without reciting further details which are exhibited in the record it is our conclusion that such understanding would not in any degree affect the rights of the payee of said note but as between these co-makers it is binding.

For these reasons a decree will be entered cancelling the judgment as to plaintiffs and relief on the cross-petition for contribution will be denied.

LEVINE, and TERRELL, JJ, concur in judgment.