## KLEINHENZ v KLEINHENZ

Ohio Appeals, 2nd Dist, Franklin Co

No 2608. Decided Sept 30, 1936

Thomas W. Danaher, St. Marys, for plaintiff in error.

Kennedy & Horner, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas (Domestic Relations) of Franklin County, Ohio.

In the court below the parties appeared in reverse order and for convenience will hereafter he referred to as Helen R. Kleinhenz, plaintiff, and Leonard A. Kleinhenz, defendant.

The cause was submitted on plaintiff's amended petition and answer of John W. Kleinhenz as trustee of Leonard A. Kleinhenz, the latter at the time of the filing of the answer being an inmate of the insane asylum at Toledo, Ohio. The trial court granted a divorce to plaintiff and awarded an allowance for support of children in the sum of $25.00 per month. The petition in error sets forth six specific grounds of error. In the brief the major ground of error urged is that the judgment was not supported by sufficient evidence, particularly stressing that plaintiff presented no corroborative testimony in support of claimed acts of cruelty on the part of the defendant.

Sec 11988 GC, in the first paragraph thereof, reads as follows:

"A divorce, or a judgment for alimony, shall not be granted upon the testimony or admissions of a party unsupported by other evidence."

The parties were married on the 27th day of December, 1928, at Lima, Ohio. The defendant was a physician and immediately after their marriage practiced his profession in Lima, Ohio, until July 1st, 1929, when the family moved to New Bremen and remained there until about February, 1933, during all of which time defendant was engaged in the general practice of medicine. On the latter date the family moved to Cincinnati, where defendant was employed in Longview Hospital, the family having their living quarters in the institution. In the early part of 1934, probably March or April, the parties were separated, the plaintiff coming to make her home with her sister in Worthington, Franklin County, Ohio, where since which time she has continuously maintained her residence. On or about April 24, 1934, the defendant was committed to the asylum Toledo, Ohio.

Four children were born to the parties, the youngest being dead. The other three now located at St. Ann's Orphanage, Columbus, Ohio. Plaintiff is now employed at the Soldiers' & Sailors' Home, Xenia, Ohio.

In the presentation of evidence the plaintiff offered testimony of continuous mistreatment, consisting of striking, kicking, slapping, choking and other acts of like character which would constitute extreme cruelty. These acts of cruelty according to her testimony started about six months after their marriage and grew more extreme until the separation in 1934. Plaintiff presented no evidence of any one who was an eye witness to any of the narrated acts of cruelty. The record does disclose testimony of witnesses who saw physical marks which plaintiff claims were the result of beatings administered by the defendant. There was also introduced in evidence the deposition of an assistant superintendent at Longview Hospital in Cincinnati. According to his testimony his office was immediately under the living quarters of the defendant's family, and that on several occasions he heard the defendant screaming. Plaintiff testifies that these outcries were the result of the assaults on her by the defendant.

Under this state of the record we are confronted with the legal question as to whether or not this supporting evidence constituted such corroboration as to comply with the first paragraph of §11988, GC, above quoted. The case of Read v Read, 29 O.L.R., p. 236, (7 Abs 117), is cited. This is a decision by the Court of Appeals of the 5th Appellate District, Houck, J., rendering the opinion. This case lends little aid for the reason that in the statement it appears no supporting evidence of any kind or character was introduced other than the testimony of the plaintiff. It is our conclusion that a proper construction of §11988, GC, does not require corroborative testimony of each and every material fact testified to by the plaintiff, nor is it requisite to have testimony of eye witnesses to the claimed acts of cruelty.

See 240 Ruling Case Law (Divorce), Vol. 9, Vol. 4, Supplement, and same section in current advance sheets.

Testimony is supporting if it tends in the slightest degree to substantiate the direct testimony of the plaintiff. „

Whether or not it is adequate is another question.

One of the plaintiff's witnesses testified when the parties were living in New Bremen, the plaintiff, with her children, came running to their home, in a very nervous state, with a bump on hre forehead, which grew in size during the time that she remained at their home.

Plaintiff testified that this bump on her forehead was the result of being struck by the defendant and that she rushed from her home to that of the neighbor's because of fear. We hold that this evidence would be supporting. It is true that defendant testifies that this injury was occasioned by plaintiff purposely striking her head on the wall telephone.

The evidence further appears that plaintiff at this time separated from defendant and went to the home of her sister in Worthington. Two witnesses testify to the bump and character thereof after her arrival at Worthington.

Plaintiff afterwards returned and lived with defendant, and thereby this act of cruelty would be conditionally condoned, but nevertheless is supporting evidence of future claimed acts of cruelty.

The testimony of the assistant superintendent at Longview Hospital immediately before or contemporaneous with the separation as to hearing screams would support the testimony of the plaintiff that she emit-

ted screams occasioned by the ill treatment of defendant. We might say further that defendant admitted the fact that plaintiff on different occasions did scream, but his explanation is that it was occasioned by hysteria because she could not always have her own way.

The trial court saw and heard both parties and he found for the plaintiff on the disputed question of fact. We are not able to say that his findings were against the manifest weight of the evidence.

As heretofore indicated we also conclude that there was some supporting evidence.

We have also examined the record as to the other claimed grounds of error, but find nothing prejudicial.

Judgment of the lower court will be affirmed and costs awarded against the defendant.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.