## DETRICK v DETRICK

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1642.   Decided Nov. 26, 1940.

George Nicholas, Dayton, for appellee.
James C. Blair, for appellant.

## OPINION

By GEIGER, J.

William Detrick, plaintiff below and appellee in this court, filed a petition for divorce asserting as the first ground that his wife, the defendant, was guilty of extreme cruelty in that she was abusive and on several occasions threw his clothes out of his home.   For a second cause of action plaintiff asserts that the defendant was absent for more than three years and refused to live with him.

The defendant filed a cross-petition denying the allegation of the petition and as a cross-petition charges that the plaintiff was guilty of extreme cruelty, and as a second cause that plaintiff was wilfully absent for more than three years and as a third cause of action was guilty of gross neglect of duty.

The cause was heard by the trial court and on November 1, 1939, an entry was filed in which the court found that the defendant had been wilfully absent from the plaintiff for more than three years and that by reason thereof plaintiff is entitled to a divorce.   Alimony is awarded to defendant of $30.00 per month, payable out of the Veterans' Pension and further $15.00 a month from January 1, 1940.

At the end of plaintiff's testimony a motion was made to dismiss, which was by the court overruled.

The case was duly lodged in this court on notice of appeal on questions of law and fact.   Motion was filed to dismiss the appeal on law and fact for the reasons therein stated, among them that the appellant failed to file an appeal bond within twenty days from the date of the filing of the entry overruling motion for new trial.

This court ordered that the appeal on questions of law and fact be dismissed and that the cause proceed as an appeal on questions of law.   It was ordered that the defendant file a bill of exceptions and an assignment of errors.

The bill of exceptions was filed and as an assignment of errors, it is asserted that the court erred in rendering judgment on the uncorroborated testimony of the plaintiff, appellee; that the court erred in not sustaining the motion for directed verdict; that the judgment is against the weight of the evidence; that the court permitted the introduction of evidence objected to at the time and for other errors.

We have read the bill of exceptions in all its sordid details.

The only matter that is now seriously asserted is the error in granting the

divorce on the uncorroborated evidence in violation of the provisions of §11988 GC which provides:

"A divorce or a judgment for alimony shall not be granted upon the testimony or admission of a party unsupported by other evidence."

This court in the case of **Kleinhenz v Kleinhenz, 22 Abs 658,** held that the section above quoted does not require corroborative testimony of each and every material fact testified to by the plaintiff, nor is it required thereunder to have the testimony of an eye witness to the claimed acts of cruelty. Testimony is supporting if it tends in the slightest degree to substantiate the direct testimony of the plaintiff. Barnes, J., delivering the opinion of the court stated,

"The trial court saw and heard both parties and he found for the plaintiff on the disputed question of fact. We are not able to say that the findings are against the manifest weight of the evidence. There was some supporting evidence."

In the case of **Groff v Groff, 33 Oh Ap 309,** the court holds that the section quoted does not require that the entire testimony of the party be supported by corroborative evidence and Ross, J, delivering the opinion of the court stated,

"The judgment of a divorce court will not be disturbed unless it manifestly appears that the final judgment is not sustained by sufficient evidence. Conflicts of evidence are to be determined by the trial court and the opinion of this court will not be substituted for that of the trial court."

The court states that the section in question does not require that the entire testimony be supported by corroborative evidence.

The court in this case granted the divorce on the ground of three years wilful absence. The absence of the defendant was testified to in detail by the plaintiff. Witnesses were offered by the plaintiff tending to prove his good character and reputation. While that seemed to be the only purpose of the evidence, it clearly corroborated the plaintiff's testimony as to the wilful absence of the defendant. After the motion had been made to dismiss, the defendant introduced her testimony. This likewise bore upon the question of wilful absence and corroborated the claim of the plaintiff.

Each of the Judges of this Court has had extended experience in divorce cases and each may have had a different view of what is corroborating testimony sufficient to permit the divorce. It is probably true that in no branch of the law is there as much divergence in the judgment of trial courts as upon the evidence necessary to support a divorce. Unfortunately in some states of the Union the liberality of the trial court seems, to more conservative judges, to be startling. The curt statement, often made, "She has gone west to be Renovated" indicates a flippant disregard for marital ties.

We are in harmony with the two cases above quoted. The judge heard the evidence presented, saw the parties, came to a conclusion as to which of the two parties should be believed and determined that there was corroboration sufficient to support the decree of divorce.

The parties had been married for many years but had lived in discord practically their entire married life, each accusing the other of dereliction of marital duties. We do not feel that as a court of review we should disturb the finding of the court below.

Judgment affirmed.

HORNBECK, PJ. & BARNES, J., concur.