GREENE, Plaintiff-Appellee, v. GREENE, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21201. Decided May 9, 1949.

Charles A. Jilek, Cleveland, for plaintiff-appellee.

Hartshorn, Thomas, Abele, Mitchell & Edelman, Howell Leuck, H. Palmer, Cleveland, for defendant-appellant.

(CARPENTER, J, of the 6th District sitting by designation in place of MORGAN, J.)

**OPINION**

By SKEEL, PJ.

This cause comes to this court on an appeal on questions of law from a final order of the common pleas court of Cuyahoga County overruling a motion to vacate a decree of divorce entered March 24, 1948.

The plaintiff filed his petition for divorce on July 26, 1946. Service was had upon the defendant, Frieda Greene, on July 30, 1946. Up and until such service of summons, the defendant had been living in the home of the parties at 1330 Allen Court, Rocky River, Ohio. Upon service of summons, she moved to the home of her mother and sister in Medina County and has resided there since that time.

The parties were married in November, 1925. There were two children by said marriage, Lloyd M. Greene, aged 17 years at the time the petition was filed, and Doriss E. Greene, aged 19 as of that date.

The parties were the joint owners of the residence property at 1330 Allen Court, occupying it as their home, they having purchased such property for $5500.00 a short time after they were married. At the time of the decree herein there was a balance due on the mortgage of $700.00.

After the defendant was served with summons, she employed counsel. She first talked to a Mr. H. Palmer, a lawyer admitted to practice of law but who was working as an insurance adjuster and who did not therefore have an office. Mr. Palmer took Mrs. Greene to Mr. Howell Leuck, a member of the firm of Hartshorn, Thomas, Abele, Mitchell & Edelman with offices at 440 Leader Building. An answer was prepared and filed on August 1, 1946, which disclosed the names of Hartshorn, Thomas, Abele, Mitchell & Edelman and Howell Leuck, and H. Palmer, as counsel for the defendant, setting forth their office address at 440 Leader Building and also giving their telephone number.

The defendant filed a motion for temporary alimony on August 5, 1946. This motion was heard and granted on October 18, 1946. At one time while this action was pending, Mr. Leuck testified that there was an extended meeting between the parties and the lawyers in Mr. Leuck's office in which an attempt was made to settle the division of property. While this effort failed, yet it shows without question that everybody involved in the case knew that Mr. Howell Leuck was conducting defendant's case.

Thereafter, the case was published on the active list for trial as a contested case beginning March 10, 1948 and continuing daily until March 22. The notice advised that the case would be on for hearing at 11 A. M. March 22, 1948. The notice which was listed under the correct number, incorrectly named counsel for the defendant as H. Palmer, leaving out Hartshorn, Thomas, Abele, Mitchell & Edelman and Howell Leuck. This omission resulted in the case not being noticed by the defendant's lawyers so that when it was called for trial at 11 A. M. on March 22, 1948, the defendant was not in court and her lawyers were also absent. The court, after a fifteen minute wait, and without making any attempt to reach the defendant or her lawyers by telephone, proceeded to hear the case as an uncontested case and after such hearing ordered a decree for the plaintiff which was

presented to the court, signed and journalized on March 24, 1948.

By this decree, the parties were divorced for the aggression of the defendant wife. The plaintiff husband was given custody of the children. All the defendant's interest in the home that was jointly owned by the parties was taken away from her and given to the plaintiff husband as was her interest in the household furnishings. The decree further provided that the plaintiff pay the defendant as and for alimony ten dollars per week for five years beginning April 1, 1948, subject, however, to certain contingencies hereafter to be noted. In other words, she was granted a contingent right to receive in weekly installments an allowance as and for alimony which in no event could exceed the sum of $2600.00.

There was some evidence in the record that the defendant was in poor health and that she was operated upon about a year before the divorce case was begun. Except for the operation, the state of the evidence as to defendant's health during this period is in conflict.

It is the claim of the defendant that:

"(a) The action of the court in taking away from Frieda Greene, her one-half interest in the homestead, which had been jointly acquired, was arbitrary, unjust and contrary to law,

(b) The order and decree should have been set aside on grounds of substantial justice and because the defendant appellant was deprived of her day in court through no fault of her own."

This court on February 7, 1949, decided the case of Permillia Martin v. William T. Martin in which the trial court's refusal to grant a petition to vacate a decree of divorce was reversed and the cause remanded for retrial for the reason that under the facts presented, to overrule such petition constituted an abuse of discretion.

The facts in the Martin case were somewhat analogous to these which are now presented in this case. If anything there was less reason to disturb the decree of divorce in the Martin case than is true here because the petition to vacate the decree in the Martin case was after term. Nevertheless, in that case this court said:

"In matters dealing with family relations, the rules of pleading and other procedural matters should be liberally construed. * * *."

494

In the case now being considered, the defendant filed her answer long prior to the date the case was set for hearing. The court, through the clerk, failed to publish the case for trial in the manner that would bring the time the case had been set for trial clearly to the attention of her lawyers. She should not be penalized for the error of omission of the clerk  She cannot be said to have been guilty of any neglect in attending to her defense.

The decree entered after the trial of the case as an uncontested action takes from the defendant all interest in the property which had been her home, the title of which was in the names of both parties, and which had been purchased and paid for out of the familiy income, as well as all rights to the household furniture of the parties.

The decree as indicated above, also provided that the plaintiff should pay the defendant $10.00 per week for five years as and for alimony. It was provided however, that the duty to make such payments should terminate in the event the defendant remarries or in the event of her death. The decree then provides as follows:

"And further, in the event that the defendant shall inherit any property within the five year period, then and in that event said award as above, shall be certified. (Terminated)"

Sec. 11993 GC provides that when a divorce is granted for the aggression of a wife, she shall be entitled to such "share of her husband's real and personal property, or both, as it (the court) deems just." There is no provision for alimony under such circumstances.

The question of whether or not an award in a definite amount or made payable for a definite period, in installments, and designated as alimony to a wife in a case where the divorce is granted to the husband because of the wife's aggression, is in fact alimony, or should be considered as a division of property as authorized by §11993 GC is a question upon which the cases are in conflict. The Ohio cases seem to hold that except where the amount is payable for an indefinite period or an uncertain amount payable out of the personal earnings of the husband, that the court should construe such an order as a division of property. In the case of Heflebower v. Heflebower, 30 Ohio Cir. A. 545, the 4th and 5th paragraphs of the syllabus provide:

"4. Where the court makes an order for the payment of a monthly sum for an indefinite time, not out of property then

owned by the husband, the total amount of which is neither fixed nor ascertainable the award is not a share of the husband's real or personal property."

"5. If a court makes a decree which is not within the powers granted to it by the law of its organization, the decree is void and it may be attacked collaterally in proceedings in contempt to enforce it."

See also: **Kristo v. Kristo, 23 Oh Ap 29**, and **Lakewood Masonic Benefit Assoc. v. Jones et al, 68 Oh Ap 109-113.**

In the case now being considered, the court gave all the property real and personal, owned by the parties, at the time of the decree to the husband, including the separate property of the wife, and by a separate order directed the payment of weekly installments of "alimony" for a definite period but subject, however, to three contingencies. Such an award when considered in the light of the other provisions of the decree is not a granting to the wife a share of her husband's property, but an attempt to award "alimony" and as such is void, the court being without power to award alimony under the provisions of §11993 GC.

The defendant is now a person of advanced years. The evidence also tends to show that because of her long period of service as a housewifie and her present state of health it would be difficult for her to fit into commercial employment. The husband's ability to continue to make his way is in no way changed by these proceedings. If the defendant had been permiitted to present her evidence, a far more equitable result would undoubtedly have obtained. At least the defendant would not have been put to such a marked disadvantage because of an error in publishing the notice of the trial of the case.

For the foregoing reasons, the order overruling the defendant's motion for new trial is reversed and the cause is remanded with instructions to grant such motion, and for further proceedings according to law. Exceptions noted. Order see journal.

HURD, J, CARPENTER, J, concur.