**WATERS, Plaintiff-Appellee, v. WATERS, Defendant-Appellant.**

Ohio Appeals, Second District, Clarke County.

No. 472. Decided November 15, 1949.

R. Stanley Lucas, Springfield, for plaintiff-appellee.
William E. Bailey, Springfield, for defendant-appellant.

## OPINION

By HORNBECK, J.:

The appeal on questions of law is directed particularly to an award of alimony to plaintiff in the sum of $1000.00 after a decree of divorce to her based upon the gross neglect of duty of the defendant. The $1000.00 was representative of the value of property of plaintiff found by the trial judge to have been destroyed by the defendant.

Defendant relies upon the provisions of the statute, §11988 GC, that a judgment for alimony shall not be granted upon the testimony of admissions of a party unsupported by other evidence. Cases construing this section are cited by both parties. Defendant relies upon **Brown v. Brown, 50 Abs 90, Geiger v. Geiger, 80 Oh Ap 161, 35 O. O. 490, Detrick v. Detrick, 33 Abs 155, McAllister v. McAllister, 27 Abs 80.** Defendant also cites the Geiger case, supra, and **Kleinhenz v. Kleinhenz, 22 Abs 568** and **Groff v. Groff, 33 Oh Ap 309.** There is no difficulty in the law controlling. It is necessary to make an award of alimony that the ground therefor may not be proven upon the testimony of the plaintiff alone but must be corroborated as to any material element essential to the award.

Upon the factual development here, there not only is the direct testimony of the plaintiff to the effect that the defendant on the night of their final separation, while in an intoxicated condition, deliberately drove his automobile into her new Ford automobile damaging it, which is specifically corroborated by another witness, Mrs. Charles Ford who saw

the occurrence; but that on the same night the husband, while waiting for a police car to pick him up for disorderly conduct, cut a fur coat of plaintiff into shreds, also cut and practically ruined a raincoat, a spring coat, several new waists, all the suits of plaintiff that were in the bedroom closet, damaged the radio, broke forty-eight pieces of china, cut a chair, damaged the front of a china closet and put holes in the top of at least twenty-four cans of fruit. There was no eye witness to the depredations of defendant at the time that they were committed except the plaintiff but that the wearing apparel and chair were cut, that the dishes were broken and that the tops of the jars holding the fruit were cut into all is corroborated, part of which by a disinterested witness and other parts by daughters of the plaintiff. What, then, is the probability as to who committed these acts? The record abounds with proof that the defendant drank to excess, was many times intoxicated, struck his step-daughter and knocked his wife unconscious, drank openly in his own home.

It also appears that at the conclusion of the difficulty on the night that the parties separated he was taken to jail by the police and afterwards indicted for disorderly conduct. He admits that he cut the fur coat. Is is reasonable to believe that the plaintiff deliberately cut up her own clothes or that she would break up china ware or cut up property belonging to her own daughters, or is it more reasonable to conclude upon all the facts appearing that the defendant was responsible for this destruction of property? It is clearly inferable from the proven facts that he was responsible for the damage. To conclude otherwise would be contrary to common experience. The value of the property destroyed was fixed at $1000.00, which does not seem excessive.

The trial judge who was the trier of the facts, the credibility of the witnesses and the weight to be given their testimony resolved it against the defendant upon the material elements involved. We can not see how he could have done otherwise.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.