**AMOLE, Plaintiff-Appellant, v. AMOLE, Defendant-Appellee.**

Ohio Appeals, Second District, Greene County.

No. 554. Decided March 3, 1955.

Roof & Roof, Kenton, for plaintiff-appellant.
Miller & Finney, Xenia, for defendant-appellee.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law.

The appellant instituted his action for a divorce charging the defendant with gross neglect of duty and extreme cruelty. To this petition, defendant answered, seeking divorce and asserting that the plaintiff was chargeable with extreme cruelty and gross neglect of duty. The case came on to trial, a number of witnesses were heard and at the

conclusion thereof, the Court denied a divorce to the plaintiff, dismissed his petition, granted a decree to the defendant on her cross-petition on the ground of extreme cruelty.

Nine errors are assigned which were originally set up and argued in a brief on behalf of plaintiff-appellant, and thereafter upon a more extended supplemental brief.

At the time of the oral presentation of the appeal, a motion was made to strike appellant's brief because filed out of rule. The motion was overruled and appellee given leave to file answer brief within two weeks. Upon a reading of the record in its entirety we find that it is not necessary to our decision to require appellee to file her brief.

Nine errors are assigned most of which we overrule without comment. We discuss the others.

It is asserted that the decree is against the manifest weight of the evidence. We cannot so find. The plaintiff's testimony was corroborated only in a very minor part by one witness. The defendant's testimony was supported by all three of the children of the parties and by others. Her claim that the plaintiff had been cruel to her by physical abuse throughout most of their married life was amply sustained, if the trial judge accepted her evidence as true which he had full right to do.

It is urged in appellant's brief that if misconduct of the plaintiff was established it had been condoned. This asignment is not well-made for two reasons. One—condonation is an affirmative defense which was not pleaded, 27 C. J. S. 703 or suggested at the trial. Two—it does not appear that there was cohabitation by the parties or other forgiveness after the occurences which led up to plaintiff's final leaving of his home, at which time the defendant testified he struck her which testimony is corroborated by one of her witnesses. This conduct revives all the former acts of cruelty of which there is proof.

The supplemental brief claims as error that the trial judge predetermined the case respecting division of property and thus denied plaintiff a fair and impartial trial. It is true that at a certain period during the trial the judge indicated that he was satisfied what he should do respecting division of property if he awarded a decree. No objection was interposed to this ruling, no testimony then or there after proffered and none was developed except such as was incidental to the other evidence. The error assigned is not exemplified by the record.

The principal exception to the decree is that the division of the property and the conditions attached thereto was inequitable.

In this connection it should be noted that at the time of the trial the plaintiff was badly in arrears in the observance of the temporary support order made by the Court. The Court made no order for the payment to defendant of any permanent support money in installments which could have been done even out of plaintiff's future earnings. **Lape v. Lape, 99 Oh St 143.** No allowance was made to defendant for her attorney fees. It is common knowledge that a very substantial sum of money or property of considerable value is required to provide enough to supply simple living expenses. That which was allowed the plaintiff will afford her little more that a place of abode. This obligation of sup-

port which was subsisting against the plaintiff by the decree, he no longer is required to meet. His income of $6500 upward annually is untouched.

The parties own jointly 26 acres of land upon which they resided and which plaintiff left when he separated from his wife. He had indicated that he did not want to live there longer. He estimated the value of this farm at $18,000 to $20,000; estimated the debts of the parties at $7000, $2058.45 of which was on the farm and secured by mortgage. Other assets, personal property, were valued at about $6000. The household effects were not appraised. The Court awarded to defendant plaintiff's undivided one-half of the farm and the household effects. She was required to assume the mortgage indebtedness on the farm and to pay $4000 to the plaintiff. He was given all the personal property and required to pay the remaining indebtedness.

Inasmuch as the award was made for the aggression of the husband, it properly came from his share of the holdings of the parties No recourse could have been had against the one-half of the farm which defendant owned.

As we analyze the award, defendant received one-half of the farm of the value                                                                           $10,000.00
She was obligated to pay indebtedness
against the farm in the sum of                                 $2,058.45
   To pay to the plaintiff the sum of                  4,000.00
   A total of                                                                          6,058 45
                                                                                                   ————
Leaving net to defendant, value sum of                                       $3,941.55
The plaintiff had the personal property
of the value of                                                                                 $6,000.00
   Amount paid to him by defendant                                 4,000.00
                                                                                                   ————
   Total                                                                             $10,000.00
From this sum he must pay the remaining
indebtedness of                                                                                4,941.55
                                                                                                   ————
   Value retained by plaintiff                                          $5,058.45

As we before indicated the plaintiff's personal annual income is not affected and it is probable that he has assets which we have not considered in our analysis.

The setting out of the division of the property is convincing that the Court was quite considerate of the plaintiff and that the decree was so fair and equitable that he has no just ground to object thereto.

The judgment will be affirmed.

MILLER, PJ, WISEMAN, J, concur.