TOMPKINS, APPELLEE, *v.* TOMPKINS, APPELLANT.*

---

*Motion to certify the record overruled, November 12, 1958.

(No. 2446—Decided May 1, 1958.)

*Mr. Frederick W. Howell* and *Mr. Arthur T. Eaton,* for appellee.

*Mr. Otterbein Creager,* for appellant.

CRAWFORD, J.  Plaintiff, appellee herein, was granted a divorce and custody of his minor child for gross neglect of duty and extreme cruelty of the defendant, appellant herein.  In appealing on questions of law, defendant assigns five errors. These are concerned principally with the weight of the evidence, and with alleged misconduct of plaintiff.

Vigorous arguments having been made on questions of pleading and procedure, it may be helpful to set forth a brief history of the case.  The petition alleged a single ground for divorce:

"* * * that defendant is and has been guilty of gross neglect of duty in this, to wit:

"That for a number of years defendant has found fault with plaintiff; that she has continually nagged, falsely accused, argued with, dictated and domineered this plaintiff at home and away from home.  This situation has become gradually worse, to such an extent that defendant could not eat or properly sleep at home; that he, at numerous times, has been embarassed before friends and has finally been forced to remove from his home."

The cause was tried in installments as the court and coun-

sel could arrange, beginning on April 23, 1957, and concluding on July 16, 1957. The testimony was voluminous, the bill of exceptions comprising 448 pages in addition to many exhibits.

On April 25, 1957, when the testimony was approximately one-fourth concluded, plaintiff moved for and the court granted leave to amend the petition, which was done by adding immediately after the allegations quoted above the words, "and that said acts complained of herein continued up to the time of trial."

Whether she formally objected or not, the defendant presented during the course of the trial some argument against the amendment.

On July 9, when the testimony was nearly half completed, the original petition was further amended to include by interlineation the words "and extreme cruelty" immediately following the words, "gross neglect of duty." We do not find a specific objection by defendant to this particular amendment.

The court found for the plaintiff and against the defendant on both grounds of gross neglect of duty and extreme cruelty, granted a decree of divorce and custody of the minor child to the plaintiff, and made a division of property.

This procedure is challenged by the defendant as prejudicial to her rights.

Both by statute and by established practice it is proper to allege additional facts by supplemental petition rather than by amendments of the original pleading. Section 2309.63, Revised Code; Zatko v. Zatko, 100 Ohio App., 223, 136 N. E. (2d), 358. However, new "acts" are not alleged here, but merely a continuation of the old.

Considerable liberality is permitted in pleadings in divorce cases; and it has become rather widely accepted practice in charging gross neglect of duty and extreme cruelty even to omit specific allegations of fact, at least in the absence of comparatively rare motions to include them.

Particularly in view of this widely accepted procedure, it is difficult to see how the defendant was prejudiced. No surprise was claimed and no continuance requested, although several days elapsed even after the second amendment until the end of the trial.

Probably in most divorce cases, whether with or without amendment or supplemental pleading, evidence is received of facts occurring after the issues have been framed. So long as the cause of action arose before the filing of the petition, later evidence of the earlier facts is admissible. It is not always easy to draw a fine line of demarcation between evidence bearing upon the original complaint and that which tends to establish new acts of aggression. It often happens that both elements are combined in the same evidence. This is especially true where the essence of the complaint is a hostile attitude and demeanor. If new acts support the old complaint, they are admissible for that purpose, whether they are alleged in the pleading or not.

The court is not required to, nor can he properly, close his mind to the appearance and demeanor of the parties during the trial. Rather, it is his duty to observe these things in determining the weight and credibility of their testimony. So, likewise, their actions at any time after the filing of the petition would appear to have probative value as tending to confirm or disprove similar prior conduct.

Also, there is much force in the court's observation here that in view of his possible duty to fix custody it was important in that connection for him to have the benefit of all evidence which might be pertinent to that issue.

The addition of the charge of extreme cruelty did not change or add a cause of action, but alleged another ground in support thereof. 17 Ohio Jurisprudence (2d), 715, Divorce and Separation, Section 57. Many of the facts in evidence might reasonably be construed to support both grounds. And the additional charge was not needed to cover the scope of the evidence admitted. It was simply a new and additional name or characterization of the same acts.

Even the allegation of additional facts constituting an additional ground for divorce has been held not to constitute a new cause of action but a new statement of the same cause of action. *Hanna* v. *Hanna*, 93 Ohio App., 270, 114 N. E. (2d), 133.

In any event, no request for continuance having been made after either this or the earlier amendment, it is difficult to see how the defendant was prejudiced thereby.

"The rules of civil procedure as to amendment of pleadings apply to divorce actions, and where a party to such an action amends a pleading therein and it does not appear that the adverse party is taken by surprise, is not unprepared to meet the issue made by the amended pleading, and fails to request a continuance, the trial court may continue with the trial of the case." *Perry* v. *Perry,* 100 Ohio App., 15, 135 N. E. (2d), 427, paragraph one of the syllabus.

The court is given wide discretion in all matters of pleading and admission and evaluation of evidence. *Kent* v. *Kent,* 20 Ohio Law Abs., 61; *Greene* v. *Greene,* 54 Ohio Law Abs., 490, 87 N. E. (2d), 891; 17 Ohio Jurisprudence (2d), 678, Divorce and Separation, Section 20; 17 Ohio Jurisprudence (2d), 727, Divorce and Separation, Section 68. We find no abuse of that discretion.

"In the instant case, if the error in the admission of evidence be regarded as prejudicial and a new trial granted, amended or supplemental pleadings would be filed and then, on the evidence, the same result would probably obtain. It appearing that substantial justice has been done, the error above mentioned can not be considered as prejudicial. See *Hallworth* v. *Republic Steel Corp.,* 153 Ohio St., 349, 91 N. E. (2d), 690." *Pettigrew* v. *Pettigrew* (Ohio App.), 128 N. E. (2d), 841, at p. 842.

Our chief concern, then, must be whether substantial justice was done. Section 2309.59, Revised Code. The answer to that question depends, as do the assignments of error, largely upon the sufficiency of the evidence.

These parties having apparently lived morally respectable lives, and there being an absence of those dramatic acts of violence and misbehaviour sometimes appearing in divorce cases, the nature of plaintiff's proof was necessarily rather general.

Quite naturally then, the corroboration, or other evidence supporting plaintiff's testimony (Section 3105.11, Revised Code), also tended to be general. Nevertheless, corroboration was produced on essential points, even without consideration of the occurrences following the filing of the petition. It was unnecessary that corroboration be produced on all points. 17 Ohio

Jurisprudence (2d), 730, Divorce and Separation, Section 71; *Geiger* v. *Geiger*, 80 Ohio App., 161, 72 N. E. (2d), 766.

The court found from the evidence that plaintiff had proved acts and conduct on the part of the defendant of which the petition accused her. There was credible evidence, properly corroborated, of facts existing at the time of filing the petition, and accepted by the court as true, to support the finding. Therefore, we would not be justified in upsetting his conclusions. 17 Ohio Jurisprudence (2d), 747, Divorce and Separation, Section 85; *Geiger* v. *Geiger, supra*; *Mollencamp* v. *Mollencamp*, 18 Ohio Law Abs., 90.

Defendant claims misconduct on the part of plaintiff such as to require the court to deny him a divorce. Recrimination was not pleaded, as is sometimes required. 17 Ohio Jurisprudence (2d), 716, Divorce and Separation, Section 58. Nevertheless, such evidence as defendant cared to present on that contention was received. Defendant's counsel from time to time conceded the plaintiff's good character.

The court found from the evidence that plaintiff was not guilty of such conduct as would prevent his obtaining a decree. Such finding is supported by sufficient evidence, which the court accepted, and we would not be justified in disturbing it.

As no error prejudicial to defendant appears in the record, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.