HOBBS, APPELLEE, *v.* HOBBS, APPELLANT.

No. 610—Decided July 11, 1961.)

*Messrs. McKee, Schwer, Hicks, Taggart & Wehler,* for appellee.

*Mr. John G. Peterson,* for appellant.

KERNS, J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Greene County.

On May 25, 1960, the plaintiff, appellee herein, filed her

second amended petition praying "for a divorce from defendant, custody of the minor child of the parties, alimony both temporary and permanent, support money for said child, equitable property division, and for such other relief to which she may be entitled."

After hearing the evidence, the trial court, by entry dated August 30, 1960, found in part as follows:

"The court finds that the plaintiff was not a resident of Ohio for at least one (1) year immediately preceding the filing of her amended petition filed March 24, 1960, and that this court has no jurisdiction to hear this action for divorce.

"It is therefore ordered that the plaintiff's prayer for divorce be and is dismissed.

"The court further finds that the plaintiff's cause of action for alimony arose in Greene County prior to the filing of her petition and amended petitions herein; that the defendant was duly served; that this court has personal jurisdiction of the parties; and that this court has jurisdiction to determine this action as an action for alimony."

For his first assignment of error, the appellant contends that the trial court was without jurisdiction to enter a decree for alimony and support after dismissing the prayer of the petition for divorce.

The appellee's second amended petition alleges that the appellant "has been guilty of gross neglect of duty and extreme cruelty" and further specifically alleges facts which show ill-treatment upon the part of the appellant. Both "gross neglect of duty" and "a separation in consequence of ill-treatment" are statutory grounds for an action for alimony. Section 3105.17, Revised Code. The second amended petition also alleges "that the cause of action herein arose in Greene County, Ohio," and an alimony action may be brought "where the cause of action arose." Section 3105.03, Revised Code.

It appears, therefore, that the second amended petition alleges necessary facts to constitute a good cause of action for alimony, and the prayer of such petition cannot restrict the nature of the relief which the facts set forth therein authorize. *Suburban Home Mtg. Co.* v. *Hopwood,* 83 Ohio App., 115. Nor does the prayer of a petition necessarily determine

the nature of the relief to which a party is entitled. 43 Ohio Jurisprudence (2d), 102, Section 92.

In support of his position, the defendant, appellant herein, has cited the recent case of *Haynie* v. *Haynie*, 169 Ohio St., 467, which holds that a Court of Common Pleas lacks authority to certify the question of custody of a minor child to the Juvenile Court after dismissing a divorce action for insufficient evidence. In reaching its conclusion in that case, the Supreme Court applied Section 3105.21, Revised Code, which says in part:

"Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, * * *."

In applying this statute in the same manner to the case before us, an opposite conclusion is inescapable. Here the trial court found that there was satisfactory proof of the charges in the petition to justify an award of alimony. It follows, therefore, that the *Haynie case* does not reach our question. Nor do we find any other case decided since the 1951 amendments to governing statutes which might be considered completely decisive of the issue presented.

In the case of *Gage* v. *Gage*, 165 Ohio St., 462, the Supreme Court apparently did not consider a similar question worthy of extensive comment. In that case, the plaintiff husband filed a petition for divorce and the defendant wife filed a cross-petition for divorce and alimony. The trial court awarded a divorce to the husband and alimony to the wife and dismissed the wife's cross-petition. In the concluding paragraph of the opinion, commencing on page 465, the court said:

"Finally, the plaintiff husband insists that the trial court was without jurisdiction to make an award to the defendant in view of the fact that her cross-petition was *dismissed* by the court. *For the sake of accuracy, it would have been proper not to dismiss the cross-petition since part of the requested relief was granted.* Apparently the reason for the dismissal was the fact that a divorce was denied to the wife. However, the error is not prejudicial since the husband had due notice of the requested relief and the court was authorized to grant it under the provisions of the present statute." (Emphasis ours in part.)

In the present case, the relief granted was within the scope of the allegations of the petition; the defendant had due notice of the relief sought therein; and the trial court had a statutory basis for granting the requested relief. We find no merit in the first assignment of error.

For his second assignment of error, the defendant states "the trial court erred as a matter of law in granting alimony to the plaintiff-appellee, there being no corroboration of plaintiff-appellee's testimony relating to acts of cruelty which would give rise to a cause of action for alimony in Ohio."

A judgment for alimony may not be granted upon the testimony or admissions of a party unsupported by other evidence. 18 Ohio Jurisprudence (2d), 45, Section 116; Section 3105.11, Revised Code. However, the statute requiring corroborating evidence in divorce and alimony cases does not anticipate corroboration of each and every material fact testified to by the plaintiff. *Geiger* v. *Geiger*, 80 Ohio App., 161; *Groff* v. *Groff*, 33 Ohio App., 309; *Slusser* v. *Slusser*, 68 Ohio Law Abs., 7; *Waters* v. *Waters*, 56 Ohio Law Abs., 446; *Detrick* v. *Detrick*, 33 Ohio Law Abs., 155. In the case of *Kleinhenz* v. *Kleinhenz*, 22 Ohio Law Abs., 658, this court said that "testimony is supporting if it tends in the slightest degree to substantiate the direct testimony of the plaintiff."

In the present case, the plaintiff testified as to conduct on the part of the defendant which she claims prompted her to file for divorce from him in Nebraska in 1958. This evidence is supported by the testimony of the plaintiff's mother whose deposition is part of the record. Although the corroborative testimony in the deposition supports but a limited portion of the overall testimony of the plaintiff concerning the aggressions of her husband during their married life, we cannot say that it was not sufficient, if accepted by the trial court, to support the judgment. Appropriate here, in our opinion, is the following language from the case of *Detrick* v. *Detrick, supra* (33 Ohio Law Abs., 155), at page 156:

"* * * The judge heard the evidence presented, saw the parties, came to a conclusion as to which of the two parties should be believed and determined that there was corroboration sufficient to support the decree of divorce.

"The parties had been married for many years but had

lived in discord practically their entire married life, each accusing the other of dereliction of marital duties. We do not feel that as a court of review we should disturb the finding of the court below.''

The defendant further contends that the testimony of the plaintiff's mother was rendered ineffective as corroborative evidence because it referred entirely to acts committed other than where the cause of action arose. This contention is apparently based upon the fact that the plaintiff dismissed an action for divorce which she had filed in Lincoln, Nebraska, in December 1958, and thereafter resumed marital relations with the defendant during January 1959, which was prior to the time she moved to Greene County where the cause of action is alleged to have arisen.

The defendant, however, did not specifically plead condonation which is an affirmative defense. *Amole* v. *Amole*, 71 Ohio Law Abs., 111; *Winnard* v. *Winnard*, 62 Ohio App., 351; 17 Ohio Jurisprudence (2d), 716, Section 58. Nor did the defendant seriously pursue this defense during the course of the trial. See *Gugle* v. *Gugle*, 40 Ohio Law Abs., 230. Furthermore, it is generally held that condonation is conditional upon the future good behavior of the offending party, and that a subsequent repetition of the offense will operate to remove the bar of condonation. *Wilms* v. *Wilms*, 22 Ohio Law Abs., 128; *Weller* v. *Weller*, 35 Ohio Law Abs., 631; *Smith* v. *Smith*, 15 Ohio Law Abs., 536; 17 Ohio Jurisprudence (2d), 686, Section 30. The second assignment of error will be, and hereby is, overruled.

The third assignment of error, as stated by the defendant, is ''that the trial court erred in assuming that it had general equity powers upon which it could base its decree for alimony, custody, support, and equitable property distribution.'' This assignment of error may be discounted by reference to Section 3105.20, Revised Code, which specifically provides that ''in any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.'' Since the defendant particularly questions the authority of the court to make an order for the disposition and support of the child of the marriage, further attention is also directed to Section 3105.21, Revised Code, which specifically provides that upon satisfactory proof of any charges in a petition for

alimony, the court "shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just." See, also, *Robrock* v. *Robrock*, 167 Ohio St., 479; *Goetzel* v. *Goetzel*, 169 Ohio St., 350; *Clark* v. *Clark*, 165 Ohio St., 457; *Gage* v. *Gage, supra* (165 Ohio St., 462); *DeMilo* v. *Watson*, 166 Ohio St., 433. The third assignment of error will be, and hereby is, overruled.

We find no assignment of error well made, and, accordingly, the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.