## KENT v KENT

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 4, 1935

Ralph E. Turner, Youngstown, for plaintiff in error.

James S. Cooper, Youngstown, for defendant in error.

## OPINION

By ROBERTS, J.

The petition is quite brief, and by a strict construction of the allegations thereof, there is some justification for the claim of counsel for the defendant that only gross neglect of duty is made a substantive cause of action. A request having been made therefor, the trial court made a written statement of conclusions of fact, which is incorporated in the brief of defendant and consists of five pages. Without attempting to enter into a detailed statement of the matters complained of and sought to be put in issue in this case, it is thought sufficient to make reference to this finding of facts, which goes quite elaborately into the details of the marital trouble of this couple. As the conclusion of the court upon this finding of facts a divorce was granted and the custody of the child awarded to the plaintiff, as prayed for in the petition. A divorce case is one which appeals peculiarly to the court in attempting to determine the rights and liabilities of the parties as accomplishing such results as may be for their best interests and that of their child, for a liberal construction of the pleadings and the evidence, rather than to apply strict rules for the construction of pleadings or for the determination of the issues. One of the greatest causes of misery, hardship and crime is the compelling of a husband and wife to live together, when long and continued experience has shown that such relation can only be maintained at the result of hardship, dissatisfaction and hatred of one to the other and which is frequently mutual. This court is therefore inclined to consider and determine this case, exercising some liberality in making a decision which will determine the future lives of the interested parties. Evidently this marital relation was doomed to failure from its commencement. The defendant, without ability to support a wife, and very likely without inclination to do so, married a young, immature girl of sixteen years of age, who presumably exercised a lack of discretion and judgment peculiar to her youthfulness. Such little effort as the defendant made to secure employment for the support of his family occurred only in remote instances, and with the absence of such ambition and motive as should control a man assuming such responsibility. Without going into detail concerning the evidence in the case, but referring to the findings of fact of the trial court, this court is not disposed to criticize the finding of the court in granting the divorce. As before suggested, the petition, which is not very explicit in terms, alleges gross neglect of duty. An argument has been indulged in by counsel for the defendant that gross neglect of duty, as properly defined, did not exist in this case. There is some conflict

in authorities of lower courts with regard to whether or not certain conduct constitutes gross neglect of duty, a proposition which does not seem to have been determined by the Supreme Court, but it is evident from the authorities that it has been considered somewhat of an elastic term. After a careful perusal of the evidence, the pleadings and the briefs, this court has reached the conclusion that the petition and the evidence were sufficient to justify, and did justify, the Court of Common Pleas in rendering its decision, and that no reversible or prejudicial error has occurred in this action. The judgment of the Court of Common Pleas is therefore affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.