**WILEY, Plaintiff-Appellee. v. WILEY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Columbiana County.

No. 751.   Decided May 31, 1957.

Riddle & Riddle, Lisbon, for plaintiff-appellee.
Baughman & Bush, Wellsville, for defendant-appellant.

## OPINION

By PHILLIPS, J.

On September 12, 1956, the Juvenile Court of Columbiana County, Ohio, to which the case we review was certified by agreement of counsel, rendered the following decision on defendant's motion for a new trial:—

"The court makes the following finding of facts in the above case In February, 1954, the defendant left the plaintiff to visit her mother. The evidence indicates that she left originally without the knowledge of the plaintiff, although he soon became acquainted with this fact. The evidence also shows that plaintiff and defendant have not lived

together as husband and wife since February, 1954, up to and including the present day. That they had no contact with each other by letter or otherwise except three or four times by telephone.

"The evidence indicates that there was no attempt at any time by the defendant to re-establish the home at the place of the plaintiff's employment, namely the U. S. Coast Guard, or in any manner perform any of the duties of a wife, and that said condition continued for two years prior to the filing of the petition in this case.

"The court did err in basing the divorce upon the grounds of gross neglect of duty, since it is not alleged in the petition, although the evidence warranted the same. Therefore, the decision of the court is amended, and the court finds plaintiff entitled to the divorce on grounds of willful absence, and an amended journal entry showing same may be filed. Leave also is granted to the plaintiff if he desires, to amend his petition on the ground of gross neglect of duty. If this is done, however, the court will grant a new trial so that the defendant may contest the matter in this issue. If it is not done, then the divorce will be granted on the grounds of willful absence for more than one year, and motion is overruled."

The written decision of the trial judge sets forth sufficiently his findings to understand the nature of the case in the Juvenile Court.

From the judgment of the trial court defendant appealed to this court on questions of law assigning as grounds of error that the trial judge erred prejudicially to defendant in granting plaintiff a divorce without corroborating evidence in violation of §3105.11 R. C., and in finding against the manifest weight of the evidence.

There is evidence that marital difficulties existed between the parties for approximately six months prior to January 1951, which on January 18, 1954, resulted in plaintiff leaving the parties' trailer home to stay for a relatively short period of time at the Coast Guard Station, where he was employed, for the purposes, as he testified, to permit his wife to collect her thoughts regarding such difficulties and to "cool off."

Plaintiff testified that it was his intention when he left the trailer to return in a few days, which he did, only to find defendant had left. Plaintiff maintained the trailer for approximately two months after defendant left, and which trailer he was willing to re-establish as a home or to re-establish a home elsewhere. Plaintiff further testified that he called defendant by telephone and was advised not to call her again because his calls upset her, and that she never communicated with him; and that the parties had not lived together as husband and wife since January 1954. The evidence discloses that defendant believed it impossible on her part to live with plaintiff again as his wife.

In an action for divorce the pleadings and evidence must be construed liberally by the trial judge in determining the rights and liabilities of the parties for their best interests. See **Kent v. Kent, 20 Abs 61.** In this duty he is permitted a wide discretion. See **Widican v. Widican, 23 Oh Ap 271.**

The trial judge having seen and heard the parties and observed their actions obviously could better determine the weight to be given to the evidence than this reviewing court. This court will not disturb

the judgment of the trial court unless it is so manifestly against the clear weight of the evidence as to shock the conscience of this court. This court is determining only whether the trial judge erred prejudicially to defendant.

In **17 O. Jur. (2nd), Page 729, Section 71,** it is said:—

"The granting of a divorce upon the testimony or admissions of a party, unsupported by other evidence, is expressly prohibited. The purpose of the statute is to prevent collusion in obtaining a divorce decree

"Corroborating testimony must pertain to material elements essential to the proof of the ground for divorce set out in the petition; however, the provisions of §3105.11 **R. C.,** do not require corroborative testimony of each and every material fact testified to by the plaintiff. Such corroborative evidence may be oral, or documentary, or both."

Plaintiff admits by brief:—

"It is true, as claimed in defendant-appellant's brief, and as evidenced ·by the record, that plaintiff-appellee's witnesses, at the time of trial testified only to the grounds of extreme cruelty; but, the record further discloses (pages 22 to 31 inclusive) that the admissions of defendant-appellant, on direct and cross-examination, furnishes the necessary corroborating testimony to show that defendant-appellant's absence from the home of the parties was both intentional and voluntary, and that the same was purposely and designatively carried out."

We concur in the foregoing statement as we believe sufficient corroborating evidence was admitted to meet the requirements of **§3105.11 R. C.** Testimony of defendant is sufficient corroboration.

**Sec. 3105.11 R. C.,** provides as follows:—

"A judgment for divorce or for alimony shall 'not be granted upon the testimony or admissions of a party unsupported by other evidence No admission shall be received which the court of common pleas has reason to believe was obtained by fraud, connivance, coercion, or other improper means. The parties, notwithstanding their marital relation, shall be competent to testify in actions and proceedings under §§3105.01 to 3105.21, inclusive, **R. C.,** to the same extent that any other witness might."

Obviously the question arises whether plaintiff having left the parties' trailer home first has so dirtied his hands as to deny him the right to take advantage of defendant's alleged misconduct. Answering this question plaintiff argued orally and by brief that:—

"* * * he has not been guilty of any misconduct, in the course of events, which would render his hands unclean and thus bar him of the relief sought.

"In this instant cause, it is true that plaintiff-appellee did leave the trailer home of the parties herein for a few days in order to allow defendant-appellant to collect her thoughts regarding their marital difficulties. It further appears, that it did not take defendant-appellant long to determine that she now had an opportunity to abandon the home and her husband with whom she had not been happy for some time. * * *

"Also this record discloses, by defendant-appellant's testimony that

she was informed by plaintiff-appellee of his reasons for going to the Coast Guard Station to stay, and that he had no intent to abandon the home but that he would return thereto, which he did a short time thereafter. Thereupon, within a period of time defendant-appellant did leave the trailer home and go to New Jersey to reside with her mother."

In our opinion the foregoing argument clearly and correctly states the facts as shown by the bill of exceptions. We conclude that plaintiff came into court with clean hands so as to permit him to maintain the action we review.

The judgment of the trial court is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.